South *et al. v.* South *et al.*

Filed Nov. 2, 1883.

---

No. 10,536.

SOUTH ET AL. *v.* SOUTH ET AL.

WILL.—*Devise.—Power to Convey.—How Executed and Shown.—Deed.—Intention.*—Where there is a devise of some estate in lands, coupled with a power to convey the fee absolutely, the deed of the devisee made with intent to execute the power will convey the fee, and this intent is matter *in pais* to be collected from all the circumstances of the case, and does not depend wholly upon the terms or recitals in the deed, as a deed of general warranty, purporting to convey the fee upon a consideration fairly equal to the value of the estate.

From the Hendricks Circuit Court.

*C. Foley,* for appellants.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellees.

ELLIOTT, J.—The will of Henry South contains these provisions: " I will and bequeath unto my beloved wife, Sally South, all my estate both real and personal, she paying all my just debts and funeral expenses, so long as she may live, and what may be left at the time of her death, of either my personal or real estate, to be sold at public sale, and the proceeds thereof to be equally divided between my heirs, under the laws of this State, and I hereby give my said wife full power and authority over the same during her natural life."

" I also give her full authority to dispose of any of my personal property during her life that she may think proper, either for the payment of my debts or for any other purpose that she may see proper, or to make any changes in the same that she may think proper, and if my personal estate shall become exhausted, then, and in that case, I hereby authorize my said wife to sell and convey the real estate in as full and

ample a manner as I could do if I were living, provided she remains of sound mind; and it is my will, and I hereby direct that my wife shall consult with my son Benjamin, in relation to making any sale of the property hereinbefore authorized; and should my wife become incapable of attending to business I hereby authorize my said son to take charge of my said property and manage for her in the same manner as she is herein authorized to manage the same."

It is plain that the testator intended to vest a right in his wife to all of the property of which he died seized, and that he gave her an absolute power of disposition.   The effect of the provisions we have quoted is to invest her with a right to consume all the property she chooses for her maintenance and comfort, and to sell, at her election, such property as she deems necessary for her comfortable support.   That an estate is vested in her with full power of disposition, can not be doubted; the only question is as to the character of the estate, whether for life or in fee.   The general rule is this: Where an estate is given in general terms, without words of inheritance, but with full power of disposition, the estate is a fee.   But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition, or to appoint the fee by deed or will be annexed, unless there be some manifest general intent of the testator which would be defeated by adhering to this particular intent.   4 Kent Com. (12 ed.) 536.   It is not, however, necessary to decide whether Mrs. South took a fee or a life-estate; it is sufficient for the purposes of the case to ascertain that she took an estate in the land coupled with an absolute power of disposition, and upon this point there can be no reasonable debate.

Conceding that the widow had a life-estate and not a fee, still that life-estate was joined with an absolute power of disposition, and where this is so the deed of the devisee intended as an exercise of the power will convey a fee.   The deed passes not merely her life-estate but also the estate of which she had the absolute right of disposition.   This is the express

holding in the well considered case of *Clark* v. *Middlesworth,* 82 Ind. 240. If that case expresses the law correctly it rules this, and that it does do so we are well satisfied. In the case of *Barford* v. *Street,* 16 Vesey Jr. 135, the court said: "An estate for life with an unqualified power of appointing the inheritance comprehends everything." An absolute power of disposition is essentially the same as the power of appointing an estate of inheritance, for if well executed it vests the fee in the grantee.

If the instrument executed by the person having an estate in the land and the absolute power of disposition indicates an intention to exercise that power, it is a valid execution of it, and will be upheld in favor of a purchaser for value. A general warranty deed executed for a consideration equal to the value of the fee and professing to convey the fee is a valid execution of the power. This is plainly so on principle, since to hold otherwise would be to declare that the grantor did not intend to convey the estate the deed engages him to do, and that the grantee meant to receive a less estate than that which the deed purports to convey. It would also involve the absurdity of assuming that the grantor intended to charge himself with a liability upon his covenants of warranty in a case where there rested on him not the slightest obligation to take upon himself any such responsibility. The authorities, with remarkable unanimity, agree in holding that the question whether the conveyance is in execution of a power or not depends solely upon the intent. If, from the tenor and effect of the deed or will by which title is conveyed, the intent to execute the power is inferable, there is a valid execution of the power, or if, without referring to the power, the will or deed is not operative as the parties evidently intended it should operate, then it will be held a valid and effective execution of the power. It is not necessary that the power should be referred to in the deed or will, where the intent is otherwise manifested. The Supreme Court of the United States, speaking by the great equity judge, said:

" Surely, it will not be pretended, that in order to a due exe-
cution of a power, it is necessary, that it should be recited or
referred to in the executing instrument of conveyance. * * *
It is sufficient, if the power exists, and is intended to be exe-
cuted ; and that intent is matter *in pais,* to be collected from
all the circumstances of the case." *Crane* v. *Morris,* 6 Peters,
598. The same learned judge, who delivered the opinion in
the case just cited, gave the subject an exhaustive examina-
tion in the case of *Blagge* v. *Miles,* 1 Story, 427, and declared
that "All the authorities agree, that it is not necessary, that
the intention to execute the power should appear by express
terms or recitals in the instrument. It is sufficient, that it
shall appear by words, acts or deeds, demonstrating the in-
tention." Cases in great numbers might be cited in support
of this general doctrine, but there is no reason for doing so,
because, when the question is examined, it will be found that
there is really no substantial conflict upon the question.

The case of *Dunning* v. *Vandusen,* 47 Ind. 423 (17 Am. R.
709), recognizes, very fully and explicitly, this general doctrine,
but did not apply it to that case because it did not there appear
that the consideration corresponded to the value of the estate
in fee, and, as said in *Clark* v. *Middlesworth, supra,* this clearly
distinguishes the case from one where the consideration paid is
the value of the fee. That the consideration paid for the land
in the case of *Dunning* v. *Vandusen, supra,* was not such as
to raise the presumption of an intent to convey the fee is
shown by the fact that the complaint showed the value of the
fee to be very greatly in excess of the consideration expressed
in the deed, for it is averred in the complaint in that case that
the rental value of the tract for which the grantee paid $500
was $500 per year, and of the other tract, for which $270 was
paid, $250 per year. This was the admitted statement of the
pleading, and in the face of it the court could not well have
presumed an intent to convey both the life-estate and the re-
mainder in fee. On the facts of the case, the decision was
correct, and in harmony with the general principle which we

South *et al. v.* South *et al.*

have stated. That the case does recognize this general prin-
ciple is shown by the fact that the opinion quotes from Kent
this statement: " The power may be executed without recit-
ing it, or even referring to it, provided the act shows that the
donee had in view the subject of the power." 4 Kent Com.
334. So, too, are cited the case of *Blagge* v. *Miles, supra,* already
quoted from, and the case of *Jones* v. *Wood,* 16 Pa. St. 25, and
from the opinion in the latter case the court copied this lan-
guage : " When the donee of a power to sell land possesses, also,
an interest in the subject of the power, a conveyance by him,
without actual reference to the power, will not be deemed an
execution of it, except there be evidence of an intention to
execute it, or, at least, in the face of evidence disproving such
intention." It is true that while thus giving recognition to the
general principle, the court incidentally does refer to an Eng-
lish case where a somewhat stricter doctrine was held, but this
doctrine was not adopted, nor was there anything more than
a passing statement of it. To have adopted the strict rule
would have been to fly in the face of all the well considered
modern cases. There are eminent English authorities which
refuse assent to the strict rule of *Sir Edward Clere's Case,* 6
Co. 18, and favor that of Sir Edward Coke, in *Scrope's Case,* 10
Coke, 143. In speaking of this rule Chief Justice BEST said :
"The rule given by Lord Coke is larger than that which has
been deduced from the decision in Clere's case. Lord Coke's
rule will be complied with if the intention to execute a power
be *unequivocally manifested* by any circumstances occurring
in the case, or any act of the owner of the power, without re-
quiring any specified overt acts of such intention." *Nowell* v.
*Roake,* 2 Bing. 503. In the comparatively recent case of *In re
Teape's Trusts,* 6 Moak Eng. R. 801, a view was taken which
harmonizes with that expressed by Chief Justice BEST. In
the case just cited, the owner of the power disposed of the
estate entrusted to him by will without making any reference
to the power, and it was held that the power was well exe-

cuted, the court saying: "But, after all, the reasonable view to take of the words is, that he meant to give his wife the largest interest he could give in everything he had to dispose of; and, if that was a terminable interest, she will take it to the full extent of his disposing power, which, in this case, was for her own life." The American cases are in unbroken array against the strict rule of Clere's case.

In *Amory* v. *Meredith*, 7 Allen, 397, the subject was well discussed, and the court repudiated the strict English rule and quoted what Lord St. Leonards said after reviewing the old English cases. "It is impossible not to be struck with the number of instances where the intention has been defeated by the rule distinguishing power from property." Against the strict rule of Clere's case and in favor of the one that the intention will control, however manifested, or however established, will be found, among others, the cases of *Willard* v. *Ware*, 10 Allen, 263; *Bangs* v. *Smith*, 98 Mass. 270; *Funk* v. *Eggleston*, 92 Ill. 515 (34 Am. R. 136); *Wimberly* v. *Hurst*, 33 Ill. 166; *Butler* v. *Huestis*, 68 Ill. 594 (23 Am. R. 589); *Andrews* v. *Brumfield*, 32 Miss. 107; *Munson* v. *Berdan*, 35 N. J. Eq. 376; *White* v. *Hicks*, 33 N. Y. 383; *Drusadow* v. *Wilde*, 63 Pa. St. 170. In the latter case it was said: "It is only when the words of the will may be satisfied without supposing an intention to execute the power that it is no execution." It is said in Pomeroy's Equity Jurisprudence, sections 589, 590, that equity will enforce the defective execution of a power, because, "An attempt having been made to execute the power, which is only formally defective, equity imputes to the donee in making the attempt an intent to fulfill this *quasi* obligation." Judge Story says: "And where the intention to pass the property comprised in the power is clearly established, the court will give effect to the intention, although there is no intention expressed to act in execution of the power." 1 Story Eq. 174 *a*.

We turn now to the cases directly supporting the proposition that a deed of general warranty, purporting to convey a

fee and made upon full consideration will execute the power. An able opinion is found in *Hall* v. *Preble*, 68 Me. 100, in the course of which it was said : " It is not necessary that there should be an express declaration in the deed that it is made in execution of the power. It is sufficient if the deed purports to convey a fee. When a person conveys land for a valuable consideration, he must be held as engaging with the grantee to make the deed as effectual as he has the power to make it." At another place, the court, speaking of the person in whom the power was vested, said : " But she had a right and interest in the premises to convey them in fee for her sole use and benefit. Her power was not to convey in behalf, and for the use of another. It was to convey for herself. Having granted all her right, title and interest in the premises to the tenant to hold in fee, she can not be held as having conveyed to him her life-estate only, still holding the power to convey to another in fee. She conveyed for full value. Her deed sufficiently declares her intention to convey under the will, and by it the tenant took a fee." The question received consideration in *Campbell* v. *Johnson*, 65 Mo. 439, and it was held that the execution of a warranty deed for a full consideration was a due execution of the power. The court there said, referring to cases sustaining this view : " The cases referred to are of high authority ; they have the sanction of great names, and, avoiding the refinements and subtleties investing the doctrine of powers, they announce a rational and just rule, founded upon a liberal and enlightened equity. In the language of Lord Redesdale, ' when a person acts for a valuable consideration, he is understood in equity to engage with the person with whom he is dealing, to make the instrument as effectual as he has power to make it.' " The subject came before the Supreme Court of Ohio and a like conclusion was reached, the court saying : " In any view of the rules on the subject, we think the deed may be properly regarded a sufficient execution of the power. We think no instance can be found where the property which is the subject of the power is distinctly described

and referred to, and the disposition made of the property would fail, unless considered as made under the power, and there is no other objection to the mode of the disposition except the want of express reference to the power, that the execution of the power has been held to be invalid." *Bishop* v. *Remple*, 11 Ohio St. 277. In *Yates* v. *Clark*, 56 Miss. 212, a like conclusion was reached, the court saying: "Each deed conveys a fee, which she did not have in her own right, and which she could only convey by virtue of said will, and each deed contains a covenant of warranty of the title conveyed. It is manifest that it was intended to execute the power conferred by the will." In *Orr* v. *O'Brien*, 55 Texas, 149, this doctrine is declared, or to speak more precisely, acted upon without question.

There are many well considered American cases holding that where one having a power of disposition exercises it by will, it is a valid execution of the power without referring to or reciting it. The intent manifested by the will is all that is necessary to execute the power, and this intent is sufficiently evidenced by a disposition of the entire interest in the property. There is no material diversity of opinion upon this subject, and the rule is to be taken for good and established law, as truly it is upon sound principle. If it be sound law, then it applies, as indeed the cases hold, to deeds as well as to wills; it is impossible to discover any difference between the instances, for they are but instances, resting upon one fundamental principle, and illustrated by many cases.

The rule is as just in operation as it is strong in principle. To hold that the failure to refer to the power avoids the conveyance is to sacrifice the substance to the shadow. Of little, trivial importance is the mere form of the instrument as compared with the substance of the transaction and the intention of the parties. A woman having a clear right to sell the fee of the land for her support, selling it for that purpose, executing a deed professing to convey the whole estate in the land to her grantee, he yielding a consideration reasonably equiv-

alent to the value of the land, and she, intending to convey that estate, ought, in equity and justice, to be held to have conveyed the fee and executed the power, and the purchaser ought not to be deprived of what he had bought and paid for, because of a mere failure to refer to the power.

