Downie v. Buennagel.

Filed March 27, 1884.

No. 9039.

DOWNIE v. BUENNAGEL.

WILL.—*Rule for Construction.*—*Testator's Intention.*—The intention of the testator is to be ascertained, in construing the provisions of his will, and, if possible, carried into effect. This is the primary rule in the interpretation of a will, and, for the purpose of ascertaining the testator's intention, all the provisions of the will relating to the subject of the inquiry should be construed together.

SAME.—*Devise of Life-Estate.*—*Power to Sell and Convey in Fee.*—*Execution of Power.*—*Warranty Deed.*—*Consideration.*—By his last will and testament, which was duly admitted to probate, A. G. S. gave and devised all his estate, real and personal, to his mother, M. E. D., "to hold and enjoy the same during her life, with full power to sell the same, or any part thereof, and appropriate the proceeds to her own use and benefit; and all deeds and conveyances of real estate, by her made, shall pass a title in fee to the purchaser, it being my will that she shall enjoy the same as though it were devised to her in fee." In the second item of his will, the testator further said: "After the death of my mother, I devise all of the said estate to my half brother, Charles Lindley Downie." Afterwards, on November 18th, 1874, the testator's mother, M. E. D., by her deed of that date, sold, conveyed and warranted a part of the real estate so devised to her to the defendant C. B., who paid her therefor the full consideration and value of the fee simple thereof, and accepted her deed as conveying to and vesting in him the fee of the real estate described therein, and took and held possession thereof, making valuable and lasting improvement thereon. Upon the foregoing facts, *Held,* that in the execution of such warranty deed as aforesaid, the devisee, M. E. D., manifestly intended to execute the power of disposition conferred on her by the testator's will, and that, by such deed, she conveyed to the defendant C. B., not merely her life-estate in the real estate, described in the deed, but also the absolute title in fee simple in and to such real estate, which she had "full power" to do, under the will.

SAME.—*Declaratory Deed.—Evidence.—Practice.*—On the trial, the court admitted in evidence, over the plaintiff's objections, a deed executed by the devisee, M. E. D., on September 25th, 1875, wherein she declared, among other things, that it was her purpose and intention, in the execution of her previous deed to the defendant C. B., to convey to him the real estate therein described in fee simple, in execution of the power conferred on her by the testator's will.

*Held,* that there was no error in the admission of such deed in evidence.

From the Superior Court of Marion County.

*W. W. Herod, F. Winter* and *O. T. Boaz,* for appellant.

*J. Hanna, F. Knefler, J. S. Berryhill, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

HOWK, C. J.—By a proper assignment of error here the appellant, the plaintiff below, has brought before this court the same errors assigned by him in general term, in this cause, which were in substance as follows:

1. The overruling of his demurrer to the second paragraph of appellee's answer;

2. Error of the court in its conclusion of law upon its special finding of facts; and,

3. The overruling of appellant's motion for a new trial.

The facts found by the court at special term, in its special finding, are substantially the same as those alleged by the appellee in the second paragraph of his answer, and these facts are fully sustained by the evidence appearing in the record.

The action was brought by the appellant to recover the possession of certain described real estate in the city of Indianapolis. Of this real estate the appellant claimed that he was the owner in fee simple and lawfully entitled to the possession; while the appellee claimed that he held the title thereto in fee simple and was lawfully in the possession thereof. Each of the parties claimed to derive his title to such real estate from the same common source.

The facts of the case are uncontroverted, and may be stated briefly as follows: In 1870, one Alanson G. Stevens died testate in Marion county, and seized in fee simple of the real

estate in controversy. Afterwards, on the 18th day of June, 1870, the last will and testament of Alanson G. Stevens, deceased, bearing date on the 14th day of January, 1868, was duly admitted to probate by and before the clerk of the court of common pleas of Marion county, and recorded in the proper record of wills of such court and county. Of this last will and testament we set out so much as has any bearing upon the title to the real estate in controversy, as follows:

"*Item.* I give and devise to my beloved mother, Melissa E. Downie, all my property and estate, both real and personal, to hold and enjoy the same during her life, with full power to sell the same, or any part thereof, and appropriate the proceeds to her own use and benefit; and all deeds and conveyances of real estate, by her made, shall pass a title in fee to the purchaser; it being my will that she shall enjoy the same as though it were devised to her in fee. Should my mother die first, then and in that case, I devise all the remainder of my estate to Charles Lindley Downie.

"*Item.* After the death of my mother I devise all of the said estate to my half-brother, Charles Lindley Downie, and should he die before attaining the age of twenty-one years, then I will and devise that all of my said estate shall go to the following named persons, in equal portions, that is to say," etc. (Names not material and omitted.)

The testator's mother, Melissa E. Downie, mentioned in the last will and testament of Alanson G. Stevens, deceased, took possession of the real estate in controversy under such will, and she never had at any time any right in or title to or power over such real estate *except* such as she took and had under such last will. The appellant, Charles Lindley Downie, the plaintiff in this suit, is the same person mentioned by that name in said last will and testament, and attained the age of twenty-one years in the lifetime of Melissa E. Downie, and before the commencement of this action. Melissa E. Downey died intestate before this suit was commenced; but, at the time of her death and at all times since,

the appellee was and had been in the exclusive possession of the real estate described in appellant's complaint. After the death of Melissa E. Downie, and after the appellant, Charles Lindley Downie, had attained the age of twenty-one years, but before he commenced this suit, he demanded the possession of the real estate in controversy from the appellee, who refused to surrender such possession.

After the death of Alanson G. Stevens, and the probate and record of his last will and testament, to wit, on the 1st day of July, 1870, Melissa E. Downie, then in full life, executed, acknowledged and delivered an instrument in writing, whereby she nominated, constituted and appointed Thomas Cottrell, of Marion county, her true and lawful attorney, authorizing and empowering him to sell and convey any and all real estate to which she had any title or in which she had any interest, and to execute conveyances and any and all other instruments in her name and behalf. This power of attorney was duly recorded on the day of its date in the recorder's office of Marion county. Afterwards, on the 18th day of November, 1871, Melissa E. Downie, by Thomas Cottrell, her attorney in fact, conveyed and warranted by her deed of that date unto the appellee, Charles Buennagel, the real estate in controversy in this suit for the sum of $665. This deed was duly recorded on November 21st, 1871, in the recorder's office of Marion county. The appellee paid for such real estate the full consideration and value of the fee simple thereof, and accepted his deed as conveying to and vesting in him the fee of such real estate. By virtue of his purchase and deed, immediate possession of such real estate was delivered to and taken by the appellee, claiming to be the owner in fee simple thereof, and in faith of such title he made lasting improvements thereon of the value of $3,000. Afterwards, on the 25th day of September, 1875, Melissa E. Downie, then living, in her own proper person, executed, acknowledged and delivered a deed to Thomas Cottrell, trustee, for the purposes therein mentioned. In this deed it was

recited that Melissa E. Downie had theretofore, "by her several deeds of conveyance duly executed, conveyed in fee simple to the several grantees therein named the respective lands therein mentioned, * * * situate in the city of Indianapolis, Marion county and State of Indiana, and being lands devised to her by the last will and testament of Alanson G. Stevens, which conveyances are as follows: " Setting out a long list of such deeds, giving the names of the grantees therein respectively, the several dates thereof, a brief description of the real estate thereby conveyed, and the deed-book and page where the deeds were respectively recorded, and, among others, describing the deed to the appellee of the real estate in controversy in this suit.

It was further recited in such deed of September 25th, 1875, that as there might be a question as to whether the deeds therein set out conveyed to the grantees therein named a title in fee simple to the real estate in their respective deeds described, and as it was the desire of Melissa E. Downie to avoid any such question; therefore, she thereby declared that it was her intention, in making such deeds, to convey by each of them to her respective grantees a full and absolute title thereto in fee simple, as fully and completely as she was authorized and empowered to convey the same, both by virtue of the express desire to her and the power of sale and appointment vested in her by the last will and testament of Alanson G. Stevens, deceased, which was duly proved and recorded in the clerk's office of Marion county, on the 18th day of June, 1870.

Therefore, the more certainly to carry out her intent, and to invest her grantees therein named or any other such grantees whose names might by oversight have been omitted, or the grantees mediately or immediately of her grantees, with a full, indefeasible and unquestionable title to the lands so conveyed by her, Melissa E. Downie, by her said deed of September 25th, 1875, in consideration of the premises therein recited and of one dollar to her paid by Thomas Cottrell,

the receipt whereof was thereby acknowledged, thereby conveyed and quitclaimed to said Thomas Cottrell all the lands so devised to her, and by her theretofore granted to the several grantees named in such deed, or other grantees, as fully and completely as she might or could convey the same, by virtue of the devise made to her and the power granted to her in and by such last will, in trust for her said several grantees, their heirs and assigns, so as to quiet their respective titles thereto, the sole purpose of such deed being to explain and effectuate the purpose of her aforesaid deeds to her respective grantees.

Upon the foregoing facts the trial court held, and correctly so, we think, that the appellant had no cause of action against the appellee; and that the latter was the absolute owner in fee simple, and lawfully in the possession, of the real estate in controversy. It is true that Melissa E. Downie, under the last will and testament of her deceased son, Alanson G. Stevens, took all his property, real and personal, to hold and enjoy during her life; but it is also true that with her life-estate there was coupled an absolute and unqualified power to dispose of the devised estate, or any part thereof, and an unlimited right to appropriate the proceeds to her own use and benefit. In the execution of the power of disposition conferred on Melissa E. Downie, the testator further provided in his will that " all deeds and conveyances of real estate by her made shall pass a title in fee to the purchaser," and then added that it was his will " she should enjoy the same as though it were devised to her in fee." It was the duty of the court, in construing the testator's will, to ascertain his intention, and, if possible, give effect to such intention, in the matter under consideration. *Tyner* v. *Reese*, 70 Ind. 432; *Lofton* v. *Moore*, 83 Ind. 112; *Hinds* v. *Hinds*, 85 Ind. 312.

It is impossible, as it seems to us, to mistake the testator's intention in conferring upon his mother, Melissa E. Downie, the absolute and unlimited power to dispose of the devised property and estate. It is equally impossible, we think, to

mistake the intention of Melissa E. Downie in the sale and conveyance of the real estate in controversy to the appellee. She conveyed such real estate by a deed of general warranty, purporting to convey the fee to the appellee, who paid therefor the full consideration and value of the fee simple thereof, and accepted his deed as conveying to and vesting in him the fee of such real estate. The testator declared in his will, that any deed and conveyance of real estate by her made should pass a title in fee to the purchaser. We are of opinion, therefore, that the trial court was justified and authorized by the evidence in this case, independent of the deed of Melissa E. Downie, of September 25th, 1875, declaratory of her purpose and intention in making her prior conveyance to the appellee, in finding that she intended, in making such conveyance, to execute the power of disposition conferred on her by the testator's will. It must be held in this case that the deed of Melissa E. Downie, of November 18th, 1871, conveyed to the appellee not merely her life-estate in the real estate described in such deed, but also the fee simple of such real estate, which she had full power to sell and convey under the testator's will. *Clark* v. *Middlesworth*, 82 Ind. 240; *South* v. *South*, 91 Ind. 221, and authorities there cited.

The appellant objected to the admission in evidence of the deed of Melissa E. Downie, bearing date on September 25th, 1875, on the ground that it was " immaterial and irrelevant;" but the objection was overruled, and the deed admitted in evidence. There was no error, we think, in this ruling. The deed in question, as we have seen, was simply declaratory of her purpose and intention to sell and convey, by her prior deed, to the appellee, the real estate in controversy in fee simple, under the power of disposition given her by the testator's will. That such was her purpose and intention in the execution of her prior deed, we think, was sufficiently shown by the other evidence appearing in the record; but we can not regard the deed as either immaterial or irrelevant evidence, and its admission was objected to on no other ground. *Coryell* v.

*Dunton*, 7 Pa. St. 530; 2 Perry Trusts, section 511 *a*, *b*, and *c*.

In the record of this cause we have found no error requiring the reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 25, 1884.