Filed Jan. 13, 1887.

---

No. 12,582.

## SILVERS ET AL. *v.* CANARY.

PLEADING.—*Reply.—Sufficiency of.—Demurrer.*—A reply, to be sufficient on demurrer, must be good as to the entire answer to which it is addressed.

WILL.—*Devise of Life-Estate.—Power to Dispose of Fee.*—A testator devised to his wife certain real and personal property for life, and directed that what should not be consumed at her death should be divided among his children.

*Held,* that she had power to convey the fee in the land, and might do so without referring to the will.

From the Sullivan Circuit Court.

*J. W. Shelton, J. S. Bays, J. C. Chaney, C. B. Robbins, J. T. Hays* and *H. J. Hays,* for appellants.

*J. C. Briggs* and *W. C. Hultz,* for appellee.

ELLIOTT, C. J.—The appellee brought this action to quiet title to real estate of which she claimed to be the owner.

The appellants answered in three paragraphs, the first of which is the general denial. The reply of the appellee is addressed to the entire answer, and purports to be a reply to

all of that pleading. It is, in fact, not sufficient as to the first paragraph of the answer. It is a familiar rule of pleading that a reply must be good as to the entire answer to which it is addressed or it will be bad on demurrer. This rule makes it plain that the trial court erred in overruling the appellants' demurrer to the appellee's reply.

For the error pointed out the judgment must be reversed, but, as the will of Samuel Silvers, upon which the titles of the respective parties depend, must be construed and acted upon when the case gets back into the trial court, it is thought to be our duty to give it a construction now. The first item of the will reads thus: "After my decease, and all my just debts paid, to my dearly beloved wife, during her natural life, I will and bequeath our homestead, with all of our farm land, containing about twenty-nine acres, more or less. Also one thousand dollars of my personal property, of whatever she may choose to select, during her natural life. If any of my personal property or real estate, say lot 44, New Lebanon, not set apart heretofore, will be sold by my executors or administrators and divided as I hereafter direct. Also in same manner what may not be consumed of personal and real estate at my wife's decease."

The second item of the will is as follows: "To my daughter, Susan M. Merry, and her heirs, I will and bequeath one-fifth part of my estate after all my just debts are paid, and herein not otherwise appropriated."

The third, fourth, fifth and sixth items respectively, make disposition of the four-fifths of the testator's estate to children and grandchildren, in terms similar to those used in the second item.

The question is, does the will devise to the widow an estate in fee simple in the real estate described in the first item or does it invest her with the power of disposing of the fee? We think the case is governed by the decision in *Clark* v. *Middlesworth*, 82 Ind. 240, and that upon the authority of that case the widow had power to convey the fee. It will

be observed that the words " what may not be consumed of real and personal estate at my wife's decease," found in item first of the will, are quite as strong as those used in the will involved in the case referred to, and in addition to this it must be borne in mind that in all the subsequent items of the will the testator is careful to limit the estate devised to property not " herein otherwise appropriated."

It is evident from these clauses of the will, that the testator intended to appropriate solely for the benefit of his widow the property described in the first item of his will, and to give his children and grandchildren only so much of it as remained unconsumed at the death of his widow. It would be a perversion of the language of the will to award the devisees named in the items of the will subsequent to that making the devise to the wife any part of the land there devised to her; and it would also be in plain disregard of the testator's intention, for it is in terms and in effect appropriated absolutely to her. *Van Gorder* v. *Smith,* 99 Ind. 404, recognizes the general principle which applies here, for it is there held, and the decision is well supported, that if an estate is devised for life, with a power of disposition, the devisee may convey the fee in the land devised.

A devisee of land invested with the power of disposition, may convey the land without referring to the will. *Clark* v. *Middlesworth, supra; South* v. *South,* 91 Ind. 221 (46 Am. R. 591); *Downie* v. *Buennagel,* 94 Ind. 228.

Judgment reversed.

Filed Jan. 12, 1887.