Filed May 18, 1888.

---

No. 13,246.

## Tower, Administrator, *v.* Hartford et al.

Will.—*Personal Property.—Power of Disposition.—Widow.—Promissory Note.* —A testator gave his personal property to his wife, directing that what should be left undisposed of at her death should descend to his son. The widow loaned money received from her husband's estate and took a note, which she assigned without consideration. She afterwards died. The testator's administrator claims the note as part of the assets of the testator's estate.

*Held*, that the will at least gave to the widow an absolute power of disposition, which has been effectually exercised, and that the administrator is not entitled to the note.

From the Switzerland Circuit Court.

*J. D. Works, L. O. Schroeder* and *W. R. Johnston*, for appellant.

*J. B. McCrellis* and *G. S. Pleasants*, for appellees.

Elliott, J.—The appellant, as the administrator with the

will annexed of Robert Stearman, claims a promissory note executed by Philip T. Hartford to Ealy A. Howard, for money borrowed of her.

Mrs. Howard was the wife of the testator at the time of his death. Subsequently she became the wife of William Howard, and has since died. She received the money which she loaned to Hartford from the estate of her first husband, Robert Stearman. The note was taken by her in her individual name, and was subsequently assigned by her to Morton D. Thiebaud, but she received no consideration from him for the assignment. The right to the note is claimed by the appellant upon the theory that it became part of the assets of the decedent's estate, and that the will of the decedent gave to the widow of the testator only a life interest in the personal property of her husband, without the absolute power of disposition. The appellees contend that the will at least vested in the widow the absolute power of disposition, if it did not give her the absolute ownership of the property.

The material provisions of the will are these:

" Item 3d. I give and devise to my beloved wife, Ealy A. Stearman, all the residue of my property, rights, credits or choses in action of every kind that I may own or be entitled to at the time of my decease.

" Item 4th. I further direct that whatever property is left undisposed of at the death of my wife shall descend to my son, George Stearman, and in case of his death then to my grandson, William Stearman."

The will, at least, gave to the testator's widow an absolute power of disposition, if it did not do more, and the administrator has no right to the note in controversy. *Van Gorder* v. *Smith*, 99 Ind. 404, and cases cited; *Allen* v. *Craft*, 109 Ind. 476; *Fullenwider* v. *Watson*, 113 Ind. 18, and authorities cited.

Even if the will gave the widow no more than a life interest, with a power of disposition, the power was effectually

exercised without referring to the will. *South* v. *South*, 91 Ind. 221 (46 Am. Rep. 591); *Downie* v. *Buennagel*, 94 Ind. 228; *Silvers* v. *Canary*, 109 Ind. 267.

Judgment affirmed..

Filed June 13, 1888.