Levengood *et al. v.* Hoople *et al.*

Filed May 16, 1890.

No. 14,281.

### LEVENGOOD ET AL. *v.* HOOPLE ET AL.

WILL.—*Construction.*—*Estate During Widowhood.*—A testator devised to his wife and heirs, "for her to dispose of as she sees best * * * the tract of land now living on * * * during the time she lives a widow, or in my name. Then said land is to be divided equally amongst the present heirs of David Rupert and Mary, his wife, or the proceeds of the same, as the case may be."

*Held*, also, that the widow having remarried without disposing of said estate, the estate ceased upon said second marriage, and that the land remained for distribution among the children of the appellee and the testator in accordance with the terms of the will.

From the St. Joseph Circuit Court.

*A. Anderson, C. W. Wiley,* and *T. E. Howard,* for appellants.

*J. L. Hubbard* and *J. P. Creed,* for appellees.

COFFEY, J.—This was a suit in the St. Joseph Circuit Court for the partition of the land described in the complaint, and, also, to quiet the title to the same as against the appellee Mary Hoople. It appears by the complaint that David Rupert died in the month of November, 1870, seized in fee of the land in dispute, and leaving as his only heirs the appellee Mary Hoople and five children, among whom is the appellant Emma Levengood. At the time of his death the said David Rupert left a will containing the following clause :

"*First.* I give and bequeath to my wife Mary and heirs, for her to dispose of as she sees best, sell, bargain and convey, as much so as myself in person, to all intents and purposes, in law and equity, as follows, to wit: The tract of land now living on, wheat in ground, grain, such as wheat, corn, rye, or any kind in store, on hand or otherwise, horses, cattle, hogs, sheep, farming implements, harness, all household and kitchen furniture, or any other property whatsoever, that is to say, during the time she lives a widow or in my name. Then said land is to be equally divided amongst the present heirs of said David Rupert and Mary, his wife, or the proceeds of the same, as the case may be."

On the 21st day of December, 1875, the widow, Mary Rupert, intermarried with John O. Hoople, and was at the time of the commencement of this suit his wife.

The whole controversy between the parties to this suit turns upon the construction to be placed upon this clause of the will of David Rupert.

It is contended by the appellants that it was the intention of the testator to vest in his wife, Mary, an estate in the land during her widowhood only, while on the other hand it is contended by the appellee Mary Hoople that it was his intention to vest in her a fee simple upon condition that she should not remarry.

It is settled in this State, both by statute and by the repeated decisions of this court, that where a particular estate is devised to a wife upon condition that such wife shall not remarry, the condition is void, and the estate devised vests and is held the same as if it had not been coupled with the condition. *Coon* v. *Bean*, 69 Ind. 474; *Stilwell* v. *Knapper*, 69 Ind. 558.

It is also well settled that the husband may devise to his wife an estate to continue during her widowhood, and that he is not obliged to devise to her a larger estate. *Harmon* v. *Brown*, 58 Ind. 207 ; *Tate* v. *McLain*, 74 Ind. 493 ; *Wood* v. *Beasley*, 107 Ind. 37.

We are of the opinion that the will before us falls within the latter class. As we read it, it devises and bequeaths to the appellee Mary Hoople the tract of land upon which she and the testator were living at the date of the execution of the will, together with the personal property named, with power to dispose of the same by sale, bargain or conveyance, as to her might seem best during the time she remained the widow of the testator. In the event of a sale before marriage, she is required, when she ceases to be his widow, to divide what remains of the proceeds among the heirs of herself and the testator ; but if she should cease to be his widow before sale, the will requires the property to be equally divided among their heirs. As it is impossible for a living person to have heirs, it is perfectly manifest that the word "heirs" is used in the sense of "children." *Underwood* v. *Robbins,* 117 Ind. 308.

There is nothing in the will from which it can be inferred that the testator intended to annex any condition to the bequest to the appellee, as in the case where a particular estate is devised subject to termination upon marriage.

It does not follow that because the appellee was given the absolute power to sell and dispose of the property during her widowhood, she took a fee simple estate in the land.

The case falls within the rule announced in the cases of *Clark* v. *Middlesworth,* 82 Ind. 240, and *South* v. *South,* 91 Ind. 221.

The will vested in the appellee an estate in the land in controversy during her widowhood, coupled with an absolute power to sell and dispose of the same during the continuance of her estate, and had she sold and conveyed the land during that period doubtless the purchaser would have acquired a good title. This, however, she did not do, and as her estate ceased upon intermarriage with her present husband, the land remains for distribution among the children of the appellee and the testator in accordance with the terms of the will.

It follows from what we have said that the court erred in

sustaining the demurrer to the second paragraph of the complaint of the appellants, which proceeds upon the theory that the estate of the appellee Mary Hoople terminated upon her second marriage.

Judgment reversed, with directions to overrule the demurrer of the appellee to the, second paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed May 16, 1890.