Bowser, Administrator, *v.* Mattler.

Filed April 6, 1894.

———————◆———————

No. 16,370.

## BOWSER, ADMINISTRATOR, *v.* MATTLER.

$\dfrac{137}{155}\ \dfrac{649}{154}$

WILL.—*Construction.—Life Estate.—Power of Disposition.—Gift.—A* will gave to the testator's wife all of his property and provided that "it shall be hers without any interference from anybody, for the space of her life time; it shall be hers in the full sense of ownership, even so far that she is empowered to sell, mortgage or divide the same; * * but this shall not be so understood as that my said wife has the right to divide the property herein named among persons not kindred to me, to the disadvantage of our children, but they shall, after her death, divide the estate among them equally."
*Held,* that the widow took a life estate only, with power of disposition for her own use and benefit, and that what was left at her death went equally to all the children.
*Held,* also, that the widow could not dispose of notes received upon a sale of the real estate by way of gift to one of the children, but that she could use the proceeds of the sale in payment for her support.
PARTY IN INTEREST.—*Right to Sue.—When May be Questioned.—Supreme*

*Court Practice.*—A question as to the real party in interest, and as to the consequent right to sue can not be raised for the first time in the Supreme Court, but such a defense must be specially pleaded in bar.

From the Marion Circuit Court.

*D. V. Burns, A. C. Harris, V. G. Clifford, W. F. Browder, C. S. Denny* and *W. F. Elliott,* for appellant.

*R. C. Lamb, R. Hill, J. S. Duncan, C. W. Smith* and *H. Warrum,* for appellee.

HOWARD, C. J.—This was a suit for the recovery of personal property, money, and choses in action, alleged to belong to the estate of appellant's intestate, and to be wrongfully in the possession of the appellee.

The complaint is in three paragraphs, to which a general denial was filed.

The first paragraph charges that on the death of the intestate, Anna Maria Mattler, who had made her home with her son, the appellee, the said appellee took possession of her said estate, converted the same to his own use, and now refuses to surrender it to the appellant as administrator.

The second paragraph is substantially the same as the first, adding a bill of particulars to show items due the estate.

In the third paragraph of the complaint it is alleged that the property in dispute is the proceeds of an estate left by John Mattler, deceased, husband of Anna Maria Mattler, and father of the appellee.

The decision of the case depends upon the proper construction to be given to the following clause of the will of John Mattler:

"Whereas, my wife, Anna Maria Mattler, has always lived with me in peace and harmony, and has united with me, labored and brought it to our present prosperity, therefore I give to her, the said Anna Maria Mattler, all the property, movable or immovable, which, at

the time of my decease, may be owned by me; it shall be hers without any interference from anybody, for the space of her lifetime; it shall be hers in the full sense of ownership, even so far that she is empowered to sell, mortgage or divide the same; likewise I make, consti-stitute and appoint my said wife, Anna Maria Mattler, as my lawful executor and administrator of this, my last will and testament. But this shall not be so understood as that my said wife has the right to divide the property herein named among persons not kindred to me to the disadvantage of our children, but they shall, after her death, divide the estate among them equally."

John Mattler's property consisted chiefly of real estate, and counsel for appellee contend that his will gave to Mrs. Mattler the absolute fee; counsel for appellant, on the contrary, contend that the will gave to her a life estate only, coupled with a power to sell if she so chose, but that the estate, or any of its proceeds remaining at her death should go equally to the children of John Mattler, who were also her own children, and of whom the appellee is one.

The controlling rule for the construction of wills is to ascertain and give effect to the intention of the testator. *Ridgeway* v. *Lanphear*, 99 Ind. 251; *Wood* v. *Robertson*, 113 Ind. 323; *Waters* v. *Bishop*, 122 Ind. 516; *Eubank* v. *Smiley*, 130 Ind 393.

Guided by this rule, and considering the foregoing clause of the will of John Mattler in all its parts, we must conclude that the will gave to Anna Maria Mattler a life estate only in his property, and not a fee simple. The gift is first made "for the space of her lifetime." Full control or "ownership" is then added, "even so far that she is empowered to sell, mortgage or divide the same." Then, as if impressed with the idea that the large powers given over the estate might be so inter-

preted as to give full and unlimited title to the property, he inserts a modifying clause: "This shall not be so understood as that my said wife has the right to divide the property herein named among persons not kindred to me to the disadvantage of our children." Finally, to leave no doubt as to the ultimate disposition to be made of the estate, he says: "They (the children) shall, after her death, divide the estate among them equally."

The intention then, as we think, was to give his widow full control of the estate during her life, even the right to sell it, for that might be necessary to enable her to use it for her care and support; but whatever is left after she is done with it shall go equally to all the children. No other interpretation would give effect to all the words of the will, particularly to the last words, which, if clear and unequivocal, as in this case, are controlling, as being the last expression of the testator's intention.

That an estate may be devised for life, with full power to convey the fee, has many times been decided by this court. *South* v. *South*, 91 Ind. 221; *Downie* v. *Buennagel*, 94 Ind. 228; *John* v. *Bradbury, Admr.*, 97 Ind. 263; *Silvers* v. *Canary*, 109 Ind. 267; *Jenkins* v. *Compton*, 123 Ind. 117; *Levengood* v. *Hoople*, 124 Ind. 27; *Wiley* v. *Gregory*, 135 Ind. 647.

It is shown by the evidence, and indeed it is practically agreed, that the decedent, Anna Maria Mattler, lived in the home of the appellee during the last years of her life, and that on account of feebleness and age there was much expense incurred by appellee in her care. Whether he was fully, or in any degree, compensated for this care and expense by the use and profits of the estate in controversy is not clear, and is, in fact, not within the issues presented in this case. If he has a good claim against the estate, it should be filed and allowed in the usual way.

We think there is no doubt that appellant's intestate, by the terms of the will, had full power to sell or otherwise dispose of the property left her, for her own use and benefit, but not to the prejudice of the equal rights of all the children of John Mattler in whatever remained after her use of it.

The overruling of the motion for a new trial is assigned as error. One reason given in the motion for a new trial was that the court erred in construing the will to mean that the widow of John Mattler had a right to dispose of the notes received on sale of his real estate by way of gift to appellee. As we think this error well assigned, the judgment must be reversed, with directions to grant a new trial.

Filed Dec. 15, 1893.

## On Petition for a Rehearing.

Howard, C. J.—In their petition for the rehearing of this case, counsel for appellee say: "The widow sold the property and transferred the proceeds of the sale to appellee in consideration of the home and support afforded her."

If this statement were strictly correct, we are inclined to think that a rehearing should be granted; for, under the terms of the will of John Mattler, there is no doubt that his widow had a right to use the property left her, to whatever amount might be necessary, for her support. If she needed to use all the estate for her support, there can be no question that she might do so. But the error charged in the motion for a new trial is that the court construed the will to mean that the widow had a right to dispose of the proceeds of the estate "by gift" to the appellee. This she had not a right to do. She would, however, undoubtedly have the right to sell the property of the estate and transfer the proceeds to appellee, or to

any one else she saw fit, "in consideration of the home and support afforded her"; provided, of course, such consideration were fair and just.

In addition, appellee now contends most earnestly that the appellant had no right to bring this suit. This contention comes late, as we think. The record shows no such question raised in the trial of the cause. The rule is, that the defense that the plaintiff is not the real party in interest, and hence has no right to sue, must be specially pleaded in bar. *Felton* v. *Smith*, 84 Ind. 485; *State, ex rel.*, v. *Ruhlman, Exx.*, 111 Ind. 17.

And, in this appeal, no less than on the trial, it would seem that the appellee must be held to have waived the right to make this contention. In a long and elaborate brief, citing and collating numerous authorities, it was sought to have an interpretation of the will sustained, which should render valid the gift made to appellee by the decedent. At the end of that lengthy and well argued brief, scarcely a page was given to the question now so strenuously urged. What was said on the point, too, was as if by way of afterthought, consisting of assertion rather than argument, with but a single citation of authority, and that, as seems to us, having but little reference to the case.

The real question submitted on the appeal, and that with which counsel, as well as the court, were concerned, was the interpretation of the will. It is hardly becoming now, when that question is decided, to say that appellant had no right, in the first place, to bring any such suit. That should have been thought of before. The jurisdiction of the courts was invoked by the appellant in order to have the will construed. The appellee joined issue. Now, when the issue has been decided, will it do to say, for the first time, that no such issue could arise between the parties?

If any error has occurred, the best, if not the only, way to remedy it is to grant a new trial, as has been done. The petition for a rehearing is overruled.

Filed March 9, 1894.