No. 16,925.

## McMillan et al. v. Deering & Co.

Sale.—*Power of in Will.*—*Conveyance.*—*When in Fee.*—*Real Estate.*—
Where the power of sale given to the widow by the will of her de-
ceased husband is clear and absolute, without conditions or limita-
tions, a conveyance in fee will be upheld, whether the widow holds
the fee or a life estate.

Same.—*Power of.*—*Life Estate.*—*Conveyance in Fee.*—*Consideration.*—
*Presumption.*—If she hold but a life estate, and the deed purports to
convey the fee, it will be presumed that the conveyance has been
made pursuant to the power without an express statement in the
deed that such was the intention, without reference to the power.
Such presumption, however, must arise from considerations entirely
independent of the price paid, unless the consideration paid is en-
tirely disproportionate to the value of the fee, and is proportionate to
the value of the life estate, in which case it would probably be a
circumstance to be considered in rebuttal of the presumption which
arises independently of the values.

Same.—*Void Deed.*—*Unsoundness of Mind of Grantor.*—*Not Judicially
Declared So.*—*Knowledge by Grantee.*—It can not be maintained that
the deed, in such conveyance, was void because of the insanity of
the grantor, the widow, where it does not appear that the widow
had ever been adjudicated a person of unsound mind, or that the
grantee knew of her alleged unsoundness of mind.

Same.—*Conveyance.*—*Color of Title.*—*Voidable Deed.*—*Power of Sale.*
—The power expressed in the will, the execution of the deed pur-
suant to that power, and a subsequent purchase by one unacquainted
with the mental condition of the grantor, give colorable title which
is at most only voidable, and not void.

Same.—*Will.*—*Conditional Fee.*—*Power of Sale.*—*Quieting Title.*—In
such case, where the will provided: "I give and bequeath to my
beloved wife, * * all the property, moneys and effects that I may
be possessed of at my death, to dispose of at her own discretion,
and if she see cause to sell the real estate, I hereby authorize her to
do so, * * without order of court; and after the death of my
wife, * * the remaining property to be divided between my
two daughters, * * to them and their heirs," the daughters, or
the heirs of either or both of them, are not the unqualified owners of
the fee of such land, so as to be entitled to have their title thereto
quieted, and can not become such owners so long as the widow
lives and may execute the power conferred by the will.

McMillan *et al. v.* Deering & Co.

From the Gibson Circuit Court.

*L. C. Embree,* for appellants.

*W. M. Land* and *J. B. Gamble,* for appellee.

HACKNEY, C. J.—The appellee holds and claims the ownership in fee, of the real estate in suit, by mesne conveyances from the widow of John Rupert, made pursuant to the provisions of the last will of said Rupert. The appellants claim and seek to quiet title to said real estate as the heirs of one of the daughters of said John Rupert, and predicate their claim upon the provisions of said will.

The will was in a single clause or item, and the part thereof requiring interpretation is as follows: "I give and bequeath to my beloved wife, Amelia Rupert, all the property, moneys and effects that I may be possessed of at my death, to dispose of at her own discretion, and if she see cause to sell the real estate, I hereby authorize her to do so, to make, execute a deed without order of court; * * * and after the death of my wife, Amelia Rupert, the remaining property to be divided between my two daughters, Elizabeth Applegate and Eliza Ann Weice, * * to them and their heirs."

The appellants' propositions are that the widow took only an estate for life in the whole lands, with the remainder over to the two daughters, and that the power of sale conferred upon the widow was to dispose of no greater estate than that bestowed upon her by the will.

We think it manifest that, notwithstanding the inapt use of the word *bequeath,* it was the intention of the testator to devise to his widow an interest in lands. The word *property* as twice employed, its connection with the authority to sell *real estate* and the presumption from the use of the word *heirs,* with relation to such *property,* lead inevitably to the conclusion we have given. The power

of sale given to the widow is clear and absolute, without conditions or limitations.

In such case a conveyance in fee will be upheld whether the widow holds the fee or a life estate in her own right, and if she hold but a life estate, and the deed purport to convey the fee, it will be presumed that the conveyance has been made pursuant to the power, without an express statement in the deed that such was the intention, and without express reference to the power. *Clark* v. *Middlesworth*, 82 Ind. 240; *Silver* v. *Canary*, 109 Ind. 267; *South* v. *South*, 91 Ind. 221; *Downie* v. *Buennagel*, 94 Ind. 228; *Levengood* v. *Hoople*, 124 Ind. 27.

The first two of these cases did not, as did the third and fourth cases, declare that the conveyances pursuant to the power expressed should be of the same quantity or quality of estate, that the testator might himself convey or that it should be in fee, and in this respect they are identical with the present case.

The case of *Dunning* v. *Vandusen*, 47 Ind. 423, concurs in the holding of the cases cited, that a life tenant, with power of disposition, may convey the fee, but, so far as that case holds to the doctrine that the conveyance must purport to pursue the power, it is not in line with those cases and has been departed from in numerous instances.

The case of *Eubank* v. *Smiley*, 130 Ind. 393, urged by the appellants, held that the will there under consideration gave the power of disposition only as to personal property and did not include real estate. Here the power is given with express reference to the real estate. The answer, under which this question arises, alleges conveyances by said widow to appellee's grantor by a deed of general warranty and for a valuable consideration.

By the statute, R. S. 1894, section 3346 (R. S. 1881,

section 2927), such conveyances are deemed to include the fee.

It is urged, also, that, under the cases above cited, it was not sufficient to allege that the conveyances were supported by a valuable consideration, and that it should have been shown that such consideration was the full value of the fee. We do not understand the cases cited to hold as contended. It is held that where a full consideration for the fee appears to have been paid, this circumstance will control the otherwise doubtful intention of the grantor in conveying, by general description, the fee, under the power of disposition, or the life estate, as possessed by the widow. But, as we hold, the presumption of an intention to convey the fee must arise from considerations entirely independent of the price paid. If, however, the consideration paid is entirely disproportionate to the value of the fee, and is proportionate to the value of the life estate, that fact is probably a circumstance to be considered in rebuttal of the presumption which arises independently of the values.

But we do not understand the cases as holding that in the first instance the grantee, under such general conveyance, must assume the burden of showing a full consideration paid for the fee, nor can it be possible that subsequent good faith purchasers are obliged to assume the same burden as to such original conveyance. A thought to the contrary could only have been suggested by the references made in *Clark* v. *Middlesworth, supra,* and *South* v. *South, supra,* to the fact that in *Dunning* v. *Vandusen, supra,* it appeared affirmatively, from the complaint, that the consideration was entirely disproportionate to the value of the fee, and was accepted in support of the assumption that the life estate, and not the fee, was intended to have been conveyed.

To an answer setting up the will, a sale by the widow,

a mortgage by her grantee, a foreclosure, sale and conveyance to the appellee, the appellants replied that at the time, and for thirty years prior to the execution of said deeds, the widow was of unsound mind, and that no consideration was paid to her for the conveyances. The replies, as did the paragraph of complaint to which a demurrer was sustained, pursued the theory that the deed by the widow was absolutely void. The argument of counsel is that the deed was void for the want of power from the will to convey more than a life estate, and that it was void, conceding the power by the will, because of the unsoundness of mind of the grantor.

As to the first argument we have given our opinion, in holding that she conveyed the fee, and therefore the first paragraph of complaint was insufficient, and the court did not err in sustaining the appellee's demurrer thereto.

The second proposition, namely, that the deed was void because of the insanity of the grantor, is not tenable. It does not appear from any allegation of the replies in question that Mrs. Rupert had ever been judicially declared a person of unsound mind, or that the appellee knew of her alleged unsoundness, and it must, therefore, be presumed that she had not been so found. *Hardenbrook* v. *Sherwood, Guar.*, 72 Ind. 403; *Northwestern, etc., Fire Ins. Co.* v. *Blankenship,* 94 Ind. 535.

In view of this presumption, the deed, at most, was only voidable. *Ashmead* v. *Reynolds,* 127 Ind. 441; *Boyer* v. *Berryman,* 123 Ind. 451; *Schuff* v. *Ransom,* 79 Ind 458; *Foy* v. *Burditt,* 81 Ind. 433; *Hardenbrook* v. *Sherwood, Guar., supra; Wray, Admr.,* v. *Chandler, Guar.,* 64 Ind. 146; *Freed* v. *Brown,* 55 Ind. 310; *Nichol* v. *Thomas,* 53 Ind. 42; *Musselman* v. *Cravens,* 47 Ind. 1; *Somers* v. *Pumphrey,* 24 Ind. 231; *Crouse* v. *Holman,* 19 Ind. 30.

In *Ashmead* v. *Reynolds, supra,* it was said:  ''Before a party holding such contract or 'deed can be subjected to litigation, he must have an opportunity to correct the evil without costs.   Something should be said, or some act done, whereby the party holding such deed or contract is distinctly given to understand that the party having the right to do so intends to disaffirm.   It is the act of disaffirming which destroys a voidable contract or deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made.   *Potter* v. *Smith,* 36 Ind. 231; *Long* v. *Williams,* 74 Ind. 115.''

The power expressed in the will, the execution of the deed pursuant to that power, and a subsequent purchase by one unacquainted with the mental condition of the grantor, give colorable title which, as we have said, is, at most, only voidable, and not void.   This view of the question, though urged by the appellee, is not discussed by the appellants, and we are at a loss to determine what, if any, reason they could urge for their failure to avoid the deed by disaffirmance.   It is urged that one who is insane may not execute a power conferred by will. To this contention is cited *In re Alexander,* 27 N. J. Eq. 463.   There it was said that the donee of the power to convey, if *non compos mentis,* could not execute the power.

However, the case was not decided upon that question, and we do not accept the case as of controlling weight here.   Mrs. Rupert is yet living, and if restored to reason, could confirm title in the appellee.   The appellants are not the unqualified owners of the fee, if the deed in question were void, and they can not become such as long as Mrs. Rupert lives and may execute the power conferred by the will.

It is the ordinary rule that a power may be executed

through one who is under legal disabilities, when such person acts merely as the conduit through which title passes. The title of the appellee, the fee, is derived not from, but through, Mrs. Rupert from the testator, and it may be important to inquire by what right the appellants question the validity or propriety of the testator's action in making his widow, though *non compos mentis*, the source through which title should flow. The primary object of the will was provision for his widow, and the secondary object was provision for the appellants. But we do not decide that one who is *non compos mentis* may execute a power conferred by will and involving the exercise of discretion, whether that mental condition existed at the time the power was conferred or arose subsequently, but our suggestions upon this subject, it occurs to us, lend strength to our conclusion that until Mrs. Rupert or her guardian or other representative or some one standing in privity of estate with the testator, shall disaffirm her deed, there is no possible right of action against the appellee.

In this view of the case, if the allegations of the replies and the first paragraph of complaint were combined, they would not constitute a cause of action.

The circuit court, in our opinion, did not err in the rulings complained of, and the judgment is affirmed.

Filed Oct. 12, 1894.