Rinkenberger *v.* Meyer.

## RINKENBERGER *v.* MEYER.

[No. 18,752.   Filed April 3, 1900.   Rehearing denied June 21, 1900.]

WILLS.—*Life Estate.—Power to Sell.*—Where testator gave all of his property to his wife during her life, with remainder over in fee to a third person, and directed that his wife should have the right to use and expend so much of his property as should be needful for her support, with power to sell the farm if she desired to do so, such power to sell did not enlarge the life estate into an estate in fee. *pp. 152-155.*

SAME.—*Life Estate.—Power to Sell.*—A gift of power to dispose of the whole estate, annexed to an estate for life, with remainder over in fee to a third person, is not void for repugnancy, and confers upon the life tenant plenary power to convey the fee upon the terms of the power granted. *p. 154.*

SAME.—*Life Estate.—Power to Sell.—Deeds.*—A testator by the terms of his will gave all of his property to his wife for and during her natural life, with the right to use and expend so much of the property as should be needful for her support, and power to sell the farm, if she desired to do so, with remainder to her niece. *Held,* that a general deed of warranty executed by the wife for a consideration equal to the value of the fee, purporting to convey the fee to such land, constituted a valid conveyance thereof, although the power to convey was not recited in the deed. *pp. 155, 156.*

EVIDENCE.—*Exception.— Offer to Prove.—Appeal and Error.*—An offer to prove made after the ruling of the court excluding the testimony comes too late, and such offer forms no basis for an exception, and is not reviewable on appeal. *p. 156.*

From the Lake Circuit Court.   *Affirmed.*

*T. J. Wood,* for appellant.
*T. S. Fancher,* for appellee.

HADLEY, C. J.—The will of Conrad Zeilfelder was probated in October, 1847. The only important item of the will follows: "I Conrad Zeilfelder, * * * having entered into the service of the United States during the war with Mexico, and considering the uncertainty of life, do make and ordain this to be my last will and testament. I give, devise, and bequeath all my property which I now have, both real and personal, and all of which I may die

possessed of and entitled to from the government of the United States at the time of my decease, to my beloved wife, Elizabeth Zeilfelder, during her natural life, then I bequeath the same property to Margaret Fed, a niece of my said wife now in the county of Lake, whom I have left in the care and guardianship of Hervey Ball, Esquire, to her and hers forever. My will is that my said wife have a right to use and expend so much of the said property as shall be needful for her support; that she may sell the eighty acres.of land which I now own in Lake county, if she desires to do so, and what of my property is left at her decease shall go to said Margaret."

The testator died seized of eighty acres of land in Lake county, Indiana. His widow, Elizabeth, in 1849 intermarried with Nicholas Delschneider, and January 8, 1853, joined with her husband in conveying, for full value, without reference to her authority so to do, said eighty acres by general warranty deed to John H. Meyer, who took immediate possession under claim of absolute ownership, and in March, 1867, conveyed the same by warranty deed, for full value, to the appellee, John Meyer, who has since held the possession under claim of absolute ownership. The widow, Elizabeth Delschneider, is still living.

Appellant, who was plaintiff below under her marriage name, is the same person described in the will of Conrad Zeilfelder as Margaret Fed, and she brings this action under §1082 Burns 1894, to quiet her title in remainder in fee to the lands devised by said will. The overruling of appellant's motion for a new trial is the only error assigned.

The question propounded arises upon the evidence, and in substance is whether, under the will of Conrad Zeilfelder, his widow, expressly taking a life estate, had also conferred upon her such power of disposition as would enable her to sell and convey the fee by deed of general warranty.

We agree with appellant that the rule is that a power of disposition in a devise, coupled with an estate for life, will not generally enlarge the particular estate into a fee. We further approve the contention that the will under consideration did not confer upon Elizabeth Zeilfelder an estate in fee. But the question we have here goes beyond the character of the estate taken by Elizabeth, and challenges her authority under the will to *convey* the fee, not from herself, but from the testator.

The rule is well established that a gift of power to dispose of the whole estate, annexed to an estate for life with remainder over in fee to a third person, is not void for repugnancy, and confers upon the life tenant plenary power to convey the fee upon the terms of the power granted. *Clark* v. *Middlesworth,* 82 Ind. 240; *Downie* v. *Buennagel,* 94 Ind. 228, 234; *Silvers* v. *Canary,* 109 Ind. 267; *Bowser* v. *Mattler,* 137 Ind. 649, 652; *Mulvane* v. *Rude,* 146 Ind. 476, 484.

We think it apparent from the will that the testator intended to confer upon his wife the power to sell and convey any portion or all of his estate if she desired. It appears from the face of the will that he was preparing to depart as a soldier to the Mexican war, and, thus confronting the lonely situation in which he was about to place his wife, and the probability of an early death, which, in fact, came, he would, in discharging this most solemn duty of making a final disposition of his property, have the natural inducement of dealing with his wife unstintingly, and particularly as against one who was not a natural object of his bounty. He directed that his wife should have the right to use and expend so much of his property as should be needful for her support, and she should sell the farm if she desired to do so; and what of his property should be left at her decease should go to appellant, his wife's niece.

The power to convey the fee arises by the clearest implication from the words "she may sell" the farm and "what

of my property shall be left at her decease shall go to said Margaret." In the absence of the power in the wife to convey, the whole would be left at her decease to go to Margaret. It would be a most unnatural act for a husband so situated thus solemnly to limit his wife to actual necessity in favor of one to whom he owed no natural duty. The only reasonable construction of the will, in the light of the surrounding circumstances, is that the testator intended that his wife should make such use of his property as she desired, and what was left at her death, if anything, should go to appellant as the one next entitled to his bounty.

It is also firmly settled in this State that when the donee of a power to sell land possesses also an interest in the subject of the power, a general warranty deed executed by him for a consideration equal to the value of the fee, and professing and evidencing an intention to convey the fee, is a valid execution of the power without actual reference to its source. It is sufficient if the power exists. *South* v. *South*, 91 Ind. 221, 225, 46 Am. Rep. 591; *Tower* v. *Hartford*, 115 Ind. 186; *McMillan* v. *Deering*, 139 Ind. 70, 72; *Silvers* v. *Canary*, 109 Ind. 267; *Downie* v. *Buennagel*, 94 Ind. 228.

The deed of Elizabeth Delschneider, the widow, to John H. Meyer to the land mentioned in the will contained the following provision: "The grantors, their heirs and assigns, covenant with the grantee, his heirs and assigns, that the title so conveyed is free, clear, and unencumbered, and that they are lawfully seized of the premises aforesaid, as of a sure and indefeasible estate of inheritance in fee simple, that they will warrant and defend the same against all claims whatsoever."

The evidence shows without contradiction that the consideration received by her was the full value of the whole estate. There can be not the slightest doubt but the widow intended to convey the fee, and just as much certainty that the grantee believed he was receiving the fee. He took possession under the grant, claimed to be the absolute owner,

and conveyed the same to the appellee by a general warranty deed for full value; and, under the authorities cited, he took an indefeasible title in fee. The finding and judgment of the court was sustained by sufficient evidence.

Complaint is also made of the court's action in denying appellant the right to prove that when the widow, Elizabeth, sold the land to Meyer, she was not in need of it for her support. We quote from the record: "Q. Do you know whether she had any need to sell any land in order to provide for her present or future support? Objected to by counsel for the defendant, and the court sustained the objection; and to this ruling of the court the plaintiff excepted. And thereupon plaintiff offered to prove by the witness, in answer to the question, that * * *. The offer was refused by the court, to which ruling of the court the plaintiff by counsel at the time excepted."

No question is here presented upon the excluded testimony. The offer to prove came too late. To be profitable to the trial judge, or reviewable upon appeal, the offer to prove must be made pending the question, after objection and before the ruling of the court. An offer to prove after the judgment of the court has been pronounced, and when there is no question pending, forms no basis for an exception. *Gunder* v. *Tibbits,* 153 Ind. 591, and authorities there cited.

Judgment affirmed.