WILLIAM H. BAXTER, administrator, in equity,

*vs.*

JAMES P. BAXTER and others.

*Construction of a will.*

By the terms of her will, of which a construction is sought in this case, a testatrix gave the use and income of all her property to her husband, during his life. After his death, their daughter, Alba, was to have the use and income of all the real estate, (except a farm in Gorham) during her life, with power to sell and invest proceeds, if thought best by the judge of probate. The use and income of the Gorham farm was given to her children, and the survivors of them, as a place of refuge; but, on attaining their majority, the children, bv unanimous consent, were authorized to make that farm "a Home for Little Wanderers, and to transfer the same to the Maine Association of the New Jerusalem church, to be held by said association in trust for that purpose." Under these provisions it .was *held;* that the husband took a life estate in the Gorham farm, and that, under the will, the children only took a life estate; but that, as heirs, they took the remainder, which was undevised; that the Maine Association of the New Jerusalem church took no legal or equitable title to the farm; and that the judge of probate might license the children's guardian to sell their interest in said farm.

BILL IN EQUITY, under R. S., c. 77, § 5, item seventh, to obtain a construction of the will of the late Sarah K. L. Baxter, who died January 12, 1872, leaving six children, the eldest of whom was seventeen at that time. The youngest, Alba, was three years old when her mother died, and this child also died on the twelfth day of February, 1873. The decedent constituted her husband, James P. Baxter, executor of her will, but he subsequently resigned that trust, and became guardian of his surviving children. In his answer to the bill, individually and officially, he submitted to the determination of the court as to the real meaning of the will, and represented that the farm in Gorham was bought in May, 1871, for $6000, and that over $15,000 had been afterward expended in buildings and improvements upon it, making it very valuable; but that it had become necessary for his own welfare, and that of his wards, in the prosecution of his business, that they should remove into Portland, where he had purchased a homestead; that the farm could neither be leased nor carried on by him, to advantage, so as to derive any profit or income therefrom, but would greatly depreciate in value in his absence; that it was his desire and purpose to sell it, which he could readily do but for the cloud which the dubious provisions of the will cast upon the title.

These proceedings were of an amicable nature, the Association of the New Jerusalem church in the State of Maine, (called by a slightly different name in the will) also appeared and submitted to the jurisdiction of the court. The provisions of the will which the court were asked to construe are stated in the opinion.

*Butler & Libby*, for the complainant.

*James P. Baxter*, for himself and children.

*Benjamin Kingsbury, Jr.*, for the corporation.

APPLETON, C. J. This is a bill in equity brought under R. S., c. 77, § 5, to obtain a construction of the will of Sarah K. L. Baxter.

I. The question presented is whether James P. Baxter has under the will a life estate in the Gorham farm. The clauses bearing upon this inquiry are the following :

First. I give the use and income of all my property, real and personal, to my husband, James P. Baxter, during his natural life.

Second. At the decease of my said husband, I give the use and income of all my real estate to my daughter, Alba, during her life, except the farm in Gorham, purchased by me of Thomas Smith, with power to sell, and invest the proceeds if thought best for the above purpose, by the judge of probate for Cumberland county.

Fourth. I give the use and income of my said farm in Gorham to my children, and the survivors of them, during their natural lives. I wish it used by them all, and kept in a flourishing state. They will themselves decide, guided by just and conscientious motives, which one of them shall occupy it, or if they shall all reside upon it. I desire it to be regarded as a place of refuge for my children and their children, if they have any, in time of poverty or trouble, and if possible, that it should never be disposed of.

The first item in the will gives the use and income of all the property, real and personal, to the husband of the testatrix. This obviously includes the Gorham farm, on which she contemplated her children should reside. As all of the children were minors, it never could have been her intention that they should live apart from their father. The devise to her daughter Alba, is to take effect at the decease of her husband. Taking the fourth item in connection with those which precede it, we think the intention of the testatrix was, that the life estate of the children was not to commence until after the death of the father ; that during his life the Gorham farm was to be the residence of her husband and children, and after his decease, of the children.

II. The children, under the fourth item, take only a life estate in the Gorham farm. They can take under that clause no more than is thereby given them. *Burleigh v. Clough*, 52 N. H., 267.

III. The children are the heirs at law of the mother, and take the remainder by descent. But having a life estate after the expiration of that of the father, and taking the remainder as heirs, the .fee becomes vested in them.

IV. The fifth item is as follows: "Fifth. By the unanimous consent of my children (when of age) they may make said farm a Home for Little Wanderers, and to that end may transfer the same to the Maine Association of the New Jerusalem church, to be held by said association in trust for that purpose."

The children when of age might do as they should please with their own. The undevised remainder descending to them as heirs, they could dispose of it as they should deem most judicious. But this clause in the will gives no rights whatever to the Maine Association of the New Jerusalem church.

V. The guardians of minor children are empowered to sell the real estate of their wards in certain cases. R. S., c. 71, § 1. The term real estate includes any and all rights thereto and interests therein. As after the decease of the father the whole estate. is in the children, a sale of the right of the children with a conveyance from the father would vest the whole estate in the purchaser.

According to the true construction of the will of Sarah K. L. Baxter, it is declared:

I. That James P. Baxter takes a life estate in the Gorham farm.

II. That under the fourth section in the will the children of the testatrix take only a life estate in said farm.

III. That, as heirs, the children take the remainder, which is undevised.

IV. That the Maine Association of the New Jerusalem church have no legal nor equitable title in and to the Gorham farm.

V. No reason appears from the papers before us, why the judge of probate of Cumberland county, upon proper proceedings had, may not, in his discretion, license the guardian of the children to sell and convey their estate and interest in said farm.

It is ordered and decreed that the costs of these proceedings be a charge upon the estate. *Decree accordingly.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.