## CROSS ET AL. v. HENDRY ET AL.

### [No. 6,077.   Filed December 20, 1906.]

1. APPEAL. — *Parties.* — *Complaint.* — *Executors and Administrators.*—Error in overruling a demurrer to an alleged de-·fective complaint because the executor of a will had joined as plaintiff with the remaindermen to enjoin waste to the devised premises, committed by the life tenant, is harmless where judgment was rendered· against such executor.   p. 248.

2. PLEADING. — *Complaint.* — *Injunction.* — *Waste.*—*Wills.*—*Evidence.*—A complaint to enjoin the life tenant of devised lands from committing waste is not founded upon the will, and it is not a necessary exhibit, such will being mere evidence of plaintiff's rights.   p. 249.

3. WILLS.—*Life Estates.*—*Power of Disposition.*—A will in form: "I give and bequeath to my beloved wife * * * all my property, both personal and real, to be hers during her lifetime and at her death I wish what property is left to be applied toward building a Methodist Episcopal church at or near Houston, Indiana," gives such widow a life estate only in such property, and she has power to dispose of only such interest.   p. 250.

4. INJUNCTION.—*Waste.*—*Trespass.*—Injunction lies on behalf of remaindermen to prevent waste by the life tenant.   p. 250.

5. DEEDS.—*Estates.*—*Life Tenancy.*—A life tenant cannot convey a fee-simple title.   p. 250.

From Jackson Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by Martin B. Hendry and others against Canzada Cross and others.   From a decree for plaintiffs, defendants appeal. *Affirmed.*

*D. A. Kochenour* and *William T. Branaman,* for appellants.

*W. H. Endebrock* and *B. H. Burrell,* for appellees.

COMSTOCK, J.—Action by the trustees of the Methodist Episcopal Church of Houston, Indiana, and Daniel B. Eddy, executor of the last will of John Cross, deceased. The amended complaint is in two paragraphs.   The first is to quiet title, alleging that the plaintiffs are the owners in

fee simple of certain real estate (describing it), subject
to the life estate of Canzada Cross, which has been trans-
ferred to William Winkler, and that said defendants claim
an interest therein adverse to plaintiffs' rights, which
claim is without right and a cloud upon plaintiffs' title.
The second paragraph pleads the facts more particularly,
and is in substance as follows: On May 23, 1903, plain-
tiffs were duly elected trustees of the Methodist Episco-
pal Church and are still acting as such; that said Eddy,
on September 23, 1897, was qualified, and entered upon
his duties, as executor of the last will of John Cross, de-
ceased, and is still acting as such; that on July 24, 1897,
John Cross was the owner in fee simple of certain real
estate (describing it), and that he died testate on said
last-named date; that he devised and bequeathed all of
his estate, real and personal, to Canzada Cross for life,
and the remainder of said property, after her death, was
to be used for the erection of a Methodist Episcopal
Church near said Houston; that said decedent was a mem-
ber of the Methodist Episcopal Church at said Houston,
the house of which was dilapidated, etc.; that at the time
of his death and for forty years before he had been an
active member, and had served as one of the trustees of
said church; that said will was duly admitted to probate
on August 26, 1897, and on September 7, 1897, said Can-
zada filed her election, in writing, duly acknowledged, to
accept the provisions made for her in said will, and then
and there entered into possession of said real estate un-
der the terms of said will, claiming thereunder a life es-
tate, together with the interest and income for all of the
personal property owned by said decedent at the time of
his death; that she continued so to occupy said real estate
and to receive the rents and profits thereof and the in-
come from all personal property left by said decedent until
April 6, 1903; that on April 6, 1903, she attempted, by
deed of general warranty, to convey the fee-simple title

in said real estate in addition to her life estate to defendant William Winkler, for the colorable consideration of $1,500, but in fact without any consideration whatever, with the intention to defraud plaintiffs and defeat the intention of the decedent; that said William Winkler claims to own the fee-simple title to said real estate; that Nancy Winkler, the wife of said William, is made a party as to her interest; that by the terms of said will, Daniel B. Eddy, executor, is entrusted with the remainder of the personal and real estate; that said Methodist Episcopal Church is entitled to have the fee of said real estate protected from waste; that the defendants are threatening to cut and remove all the valuable timber, of which there is a large amount on said real estate, and plaintiffs ask that the defendants be enjoined from doing the same. The cause was put at issue by general denial, and upon hearing, a decree was entered against the defendants enjoining each of them and all persons claiming under and through them from cutting and removing timber or trees growing upon said real estate. Judgment was rendered in favor of the defendants against Daniel B. Eddy, as executor, for their costs as to him, and in favor of the trustees against the defendants William and Nancy Winkler for cutting and removing timber.

The errors assigned question the sufficiency of the amended second paragraph of the complaint, upon which paragraph the decree was entered. It is argued that said paragraph does not state a cause of action in favor of either of the plaintiffs. The only averment as to Eddy is that on September —, 1897, he qualified as executor of the last will and estate of John Cross, deceased, and that he is still acting as such, and that by the terms of said will he is entrusted with the remainder of the personal and real estate of said decedent and charged with the control and management thereof. It is insisted that the complaint is not sufficient as to the executor, be-

cause it does not show that he had an interest in the testator's real estate. As the court rendered judgment against the executor, this error, if error, was harmless. *Lynch* v. *Lewrs* (1868), 30 Ind. 411.

It is further insisted that the complaint is insufficient because it does not set out a copy of the will. This is not an action to construe the will. The will is only

2. evidence to support appellee's right of action. In *Eddy* v. *Cross* (1901), 26 Ind. App. 643, appellee's complaint states that on July 24, 1897, John Cross died testate in Jackson county; that his last will was duly probated and recorded in the office of the clerk of the Jackson Circuit Court on August 26, 1897 (the will was referred to as an exhibit, but was not thereby made a part of the complaint); that she is the widow of decedent, and that she has elected to take under the will in lieu of the statute; that the decedent died seized of certain real estate situate in Jackson county, and also personal property of the value of $. . . . ; that appellant Eddy is the duly qualified and acting executor of said will; that the administration has been continued, pending settlement, more than one year; that he filed an annual report on August 25, 1898; that all the debts of decedent have been paid; that the executor has $. . . ., consisting of money, notes, bonds, stocks, etc.; that by the terms of said will she is the sole legatee, and all the property of said decedent, both personal and real, is to be hers during her lifetime, and she is entitled to the immediate possession of said balance of such estate remaining in the hands of said executor; that the executor refuses to pay over the balance. The prayer was that the provisions of the will be construed so as to give her the possession of the property bequeathed to her, and that the executor be ordered to close and settle the administration of said estate. The court held that the complaint did not contain averments necessary to an action for the construction of the will, but stated that they showed that the plaintiff was

the owner of a life estate, and held that she was entitled only to the income of the estate in the hands of the executor.

The will was introduced in evidence by plaintiff in the case at bar. Item two is as follows:

"I give and bequeath to my beloved wife, Canzada Cross, all my property, both personal and real, to be hers during her lifetime, and at her death I wish what property is left to be applied toward building a Methodist Episcopal church at or near Houston, Indiana."

This item gives the widow, Canzada, for life only, the real and personal estate of the deceased, in certain and expressed terms, in which case a power of disposition annexed does not operate to create an estate in fee in the widow. Rusk v. Zuck (1897), 147 Ind. 388; Hammond v. Croxton (1903), 162 Ind. 353; Mulvane v. Rude (1896), 146 Ind. 476.

No attempt is made to disturb the widow in the legitimate enjoyment of the life estate, but waste is not a legitimate enjoyment of the life estate. She could convey no interest greater than a life estate. There is evidence tending to support the material averments of the complaint.

Judgment affirmed.