## FOUDRAY ET AL. v. FOUDRAY ET AL.

[No. 7,227.    Filed October 27, 1909.]

1. APPEAL.— *Pleading.— Special Findings.— Decision.*— Where the complaint is questioned on appeal, but the special findings are not, the appeal will be determined on such special findings.  p. 445.

2. WILLS.—*Life Estate.—Powers of Disposition.*—A will devising to testator's daughter certain lands "for and during her natural life, with full power of disposition," gives to her a life estate and not a fee simple.  p. 445.

3. WILLS.—*Life Estates.—Power of Disposition.—To What Applies.*—A will devising to testator's daughter certain real estate "for and during her natural life, with full power of disposition," and further providing that "at the death of said [devisee] should any real or personal property hereinbefore devised or bequeathed to her, as aforesaid, be left or remain," remainder over, gives to the life tenant power to dispose of the fee-simple title thereto.  p. 446.

4. WILLS.—*Devises.—Bequests.—Powers of Disposition.*—A will devising, to testator's daughter, certain real estate "for and during her natural life, with full power of disposition," and further providing that at such daughter's death, "should any real or personal property hereinbefore by me devised or bequeathed to her, * * * be left or remain," gives to such devisee the power to convey the real estate, as well as the personal property mentioned.  p. 447.

5. WILLS.—*Powers.—Life Tenants.*—A life tenant may be empowered by the will creating such life tenancy, to convey the property in fee simple.  p. 447.

6. WASTE.—*Forfeiture.—Life Estates.—Evidence.*—Where acts are shown, which were alleged to constitute waste, but which enhanced the value of the real estate in question $5,000, no cause for the forfeiture of the life estate is shown.  p. 447.

7. QUIETING TITLE.—*Powers of Conveyance.—Wills.—Life Estates.*—A life tenant, who is given power under the testator's will to convey the fee-simple title, may not maintain a suit to quiet the title to the right to convey under such power.  p. 448.

From Marion Circuit Court (15,314) ; *Henry Clay Allen,* Judge.

Suit by Livingston D. Foudray against John S. Foudray and others.    From the decree entered, the plaintiff and others appeal.    *Reversed.*

*George W. Galvin* and *William A. Reading,* for appellants.
*Louis Newberger* and *Clarence E. Weir,* for appellee Martha E. Clark.

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellee D. H. Baldwin & Co.

ROBY, P. J.—Suit by Livingston D. Foudray for partition and to quiet title. Martha E. Clark filed a cross-complaint, asking that her title be quieted as against said plaintiff and his mortgagees, Galvin and Reading. Special findings were made and conclusions of law stated thereon, and a decree entered accordingly. Questions are discussed upon the pleading, but the findings are concededly correct, and the rights of the parties will therefore be determined by reference to them.

The mother of plaintiff Livingston D. Foudray was the owner of a part of a lot and business building on Pennsylvania street, in the city of Indianapolis, and died testate on April 12, 1895. The controversy arises upon the construction of her will. That instrument, so far as necessary to the case in hand, was as follows:

"Item 1. I give and devise to my daughter Martha E. Clark, wife of Stephen A. Clark, now of said city, for and during her natural life, with full power of disposition, the certain real estate situate in the County of Marion, State of Indiana, described as follows, to wit: * * * * together with all the privileges and appurtenances thereunto belonging, free from and clear of all liabilities, liens and encumbrances existing at my death, which, if any, shall be paid out of the residue of my estate mentioned in the last item of this will. * * *
Item 3. At the death of said Martha E. Clark should any real or personal property hereinbefore by me devised or bequeathed to her, as aforesaid, be left or remain, then such property so left or remaining I give, bequeath and devise to and to be divided among my heirs at law living at the time of the death of said Martha E. Clark, to such of my children as shall be then living, share and share alike, and to the descendants who shall be then living of any of my children then deceased

the equal share their parent would be entitled to as one of my children if living at the time of the death of said Martha E. Clark, including any descendants of said Martha E. surviving her. * * *

Item 7. All the residue of my property I give, bequeath and devise, subject to the payment of my debts (other than the expenses of my last sickness and funeral) to my children, Martha E. Clark, John S. Foudray, James E. Foudray, Edgar E. Foudray and Livingston D. Foudray, equally, share and share alike, the descendants of any of them who may be deceased at my death to take the share their parent would be entitled to if living at my death.''

This instrument, by certain and express terms, gave to Martha E. Clark a life estate, with full power of disposition. It is held that in such particular case the devisee for life will not take a fee, notwithstanding the gift of a power of disposition. *Mulvane* v. *Rude* (1896), 146 Ind. 476, 483.

Appellants' proposition seems to be that the power of disposition applies only to the disposition of the life estate, and not generally; that it is necessary to a general 3. power of disposition that there be an expressed purpose to be attained thereby. To give the meaning to this clause which is thus claimed, would make the power meaningless, since, in the absence of restriction thereon, the owner of a life estate may sell it as other interests in land are sold. Such construction would also require that the language of the testator be given a forced and unnatural meaning. The subject of item one is the real estate. Full power of disposition over it is given, and the estate which otherwise would have been a fee is cut down by the devise for life. That this was the intention is conclusively shown by item three:

"At the death of said Martha E. Clark should any real or personal property hereinbefore devised or bequeathed to her, as aforesaid, be left or remain."

If her power of disposition extended only to the life estate, this language would, so far as it applied to real estate, be

meaningless. No other devise of real estate had been made prior to this item, and the only possible way in which the real estate could fail to remain would be through its conveyance by virtue of this general power. Appellants assert that the provision must be construed as referring to

4. personal property only, but there is no warrant for such construction. It is in terms made to apply both to real and to personal property, and throughout the item apt and technical language is used to embrace both devise and bequeath; and while too great weight may not be given to the inapt use of technical terms, the apt use of such terms always has a tendency to support the conventional meaning thereby conveyed. That power to convey a

5. fee may be given to the holder of a life estate is not open to discussion. *McMillan* v. *Deering & Co.* (1894), 139 Ind. 70; *Hammond* v. *Croxton* (1904), 162 Ind. 353; *Cain* v. *Robertson* (1901), 27 Ind. App. 198.

Much stress is laid upon *Cross* v. *Hendry* (1906), 39 Ind. App. 246. In that case no power to dispose was conferred upon the widow, and it was decided upon the ground that "she could convey no interest greater than a life estate." The effect of a power of disposition was not involved. *Eddy* v. *Cross* (1901), 26 Ind. App. 643.

Appellants allege the forfeiture of the life estate. The basis of such forfeiture was the commission of waste. The acts constituting such alleged waste are found to have

6. enhanced the value of the property $5,000. The finding of facts shows there has been no waste and no forfeiture. The conclusions of law and judgment against plaintiff Livingston D. Foudray were therefore correct. Appellee D. H. Baldwin & Co. hold by lease from Martha E. Clark, and the conclusion and judgment for it was also correct.

The conclusion upon the cross-complaint of Martha E. Clark, so far as it quiets title to her life estate against said

plaintiff's claiming that it had been forfeited by the commission of waste, was also correct.

The conclusion that she is entitled to have her title quieted as to her right to convey in fee simple is not correct. Should she exercise such power, her grantee might, in a 7. proper case, have his title adjudicated, or it might be adjudicated in an action by the remainder-man. *Rinkenberger* v. *Meyer* (1900), 155 Ind. 152.* But title to a power is not within the provisions of the statute. The power may never be exercised. The time and attention of the courts cannot be engaged to solve speculative doubts. *Hughes* v. *Hughes* (1903), 30 Ind. App. 591.

The judgment is therefore reversed and the cause remanded, with instructions to restate conclusions of law in accordance herewith and to render judgment thereon.