## BEATSON ET AL. *v.* BOWERS ET AL.

[No. 20,989. Filed May 24, 1910. Rehearing denied October 12, 1910.]

1. ESTATES.— *Freehold.*— *Holding in Abeyance.*— *Statutes.*— *Remainders.*—*Reversions.*—At the common law, the fee of an estate of freehold could not be held in abeyance, though this rule did not apply to reversions or remainders; but under our statutes (§§3995, 3996 Burns 1908, §§2959, 2960 R. S. 1881) freehold estates may be created to commence in the future. p. 604.

2. DEEDS.—*Estates for Life.*—*Enlargement.*—*Powers.*—A deed conveying to the grantee an estate for life with power to convey to one of a class, does not convey a fee simple, and the grantee cannot enlarge her estate into a fee simple. p. 604.

3. ESTATES.—*Conveyance.*—*Presumptions.*—A person, unless empowered so to do, cannot convey a greater estate than that which he owns, but an estate will be presumed to be a fee simple unless it is expressly limited otherwise. p. 605.

4. DEEDS.—*Gifts over.*—*Rule.*—Under the rule that where an estate is given generally, or indefinitely, with a power of disposition, it passes a fee simple, any limitation over being void, a grant of a life estate only with a power of disposing of the fee, does not give a fee simple to such life tenant. p. 605.

5. DEEDS.—*Estates.*—*Remainders.*—A deed conveying and warranting certain land to a wife "during her life, unless she should deed the same to one of the heirs of [her husband], and, if not so deeded, at her death the same to revert to said [husband], if living, and if said [husband] is not living at her death, then the same to go to the heirs of said [husband]," gives to the wife a life estate, and to the husband and to his heirs (probably meaning children) contingent remainders which may be defeated by a proper conveyance by such wife. p. 605.

6. POWERS.—*Deeds.—Estates.*—A mere naked power given to a life tenant, to convey the fee simple to one of a class, must be exercised without any pecuniary benefit to the life tenant, since such power is not an estate and does not enlarge the life tenancy. p. 606.

7. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 607.

8. PARTITION.—*Parties.—Heirs.—Witnesses.—Competency.— Deeds. —Consideration.—Powers.*—Where heirs are permitted to testify that one thereof yielded a consideration to the donee of a power to induce the execution of a deed to her, the other parties being contingent remaindermen, and entitled to shares in the property in case the deed should be held void, the error, if such, will not be held reversible, where all parties testified and where the deed on its face indicated the payment of a consideration, the decision being that the deed was void. p. 607.

9. APPEAL.—*Exclusion of Evidence.—Harmless Error.*—Any error in excluding evidence is harmless where an opportunity is afterwards given to introduce it. p. 608.

10. TRIAL.—*Reception of Evidence after Close of.—Receiving Excluded Evidence.*—It is discretionary with the trial court to receive evidence afer the formal close of a trial, and also to permit a witness, after the trial, to testify to admissible facts which the court, at the trial, had excluded. p. 608.

From Superior Court of Madison County; *Cassius M. Greenlee,* Judge.

Suit by Andrew J. Bowers and others against Elizabeth J. Beatson and another. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under subd. 2, §1394 Burns 1908, Acts 1901 p. 565, §10. *Affirmed.*

*A. H. Jones,* for appellants.

*Walker & Foster,* for appellees.

MYERS, J.—Appellees instituted this suit against appellants to set aside a deed, to quiet title to real estate, and for partition. On March 3, 1882, Andrew J. Bowers and wife executed a conveyance to Mary Bowers, who was the wife of David Bowers mentioned in the deed, which in part is as follows:

"This indenture witnesseth that Andrew J. Bowers and Martha E. Bowers, his wife, of Madison county,

Indiana, convey and warrant to Mary Bowers during her life, unless she should deed the same to one of the heirs of David Bowers, and, if not so deeded, at her death the same to revert to said David Bowers, if living, and if said David Bowers is not living at her death, then the same to go to the heirs of said David Bowers of Madison county, Indiana, in consideration of the sum of $2,000, the following real estate in Madison county, Indiana, to wit.''

Here follows a description of the land—forty acres. Statutes at the time in force read as follows: ''A freehold estate, as well as a chattel real, may be created to commence at a future day; and an estate for life may be created in a term of years, with or without the intervention of a precedent estate, and a remainder limited thereon; a remainder of a freehold or a chattel real, either contingent or vested, may be created, expectant on the determination of a term of years.'' §3995 Burns 1908, §2959 R. S. 1881. ''A remainder may be limited on a contingency, which, in case it should happen, will operate to abridge or determine the precedent estate.'' §3996 Burns 1908, §2960 R. S. 1881. After the death of David Bowers, and on March 10, 1900, Mary Bowers, grantee in the foregoing deed, conveyed the same land by warranty deed to appellant Elizabeth J. Beatson, who is a daughter of David Bowers, the deed reciting a consideration of $1,600. Appellees are children of David Bowers, and, claiming that the conveyance to said appellant is void, are seeking partition of the land, claiming as remaindermen with her under the original deed, and the sole question here is as to the construction of the deed, and as to the admission and rejection of evidence touching the question of Mary Bowers's receiving a pecuniary consideration, and personal benefit for the conveyance. There was a trial by the court, and a general finding and decree for appellees.

Appellants contend that the deed granted ''a life estate, only in the event the original grantee did not deed the land

to one of the heirs of David Bowers, but in the event that
Mary Bowers should not deed to one of the children of
David Bowers, then in that contingency only a life estate
was to be in Mary Bowers," and "that the conditions hav-
ing been complied with by Mary Bowers, her estate in said
land is not a life estate, but on the other hand, became one
in fee simple." Appellees contend that Mary Bowers had
only a life estate in any event, with a naked power of ap-
pointment, and that had she executed the power without
pecuniary benefit to herself, it would have been a valid
execution, but having conveyed for a pecuniary considera-
tion or private benefit moving to herself, the conveyance is
void.

The complaint is based upon that theory, and the allega-
tions cover it. At common law the freehold could not be
held in abeyance. That doctrine was the necessary
sequence of feudal tenures, but our statute has pro-
vided for freehold estates commencing in the future.
The doctrine of non-abeyance did not at common law apply
to reversions or remainders, for the reason that they were
consistent with the fee's always being vested, or an inter-
mediate estate of freehold's being in some third person,
against whom an action might be brought for recovery
of the property. *Lyle* v. *Richards* (1823), 9 S. & R. 322; 1
Washburn, Real Prop. (6th ed.) §127.

In the case before us, appellants' contention would re-
sult in the fee's being in abeyance until the first grantee
should act, which might never be. It is clearly not a
present estate in fee simple in Mary Bowers, and her
conveyance could not enlarge the estate she had, that
is, a life estate into a fee simple, for the plain reason that
until she should convey, the fee would be in abeyance, and
for the further reason, that an estate cannot be enlarged
from a life estate into a fee, by the latter's being built upon
the former. The former cannot properly be said to be en-
larged, but through the intervention of some other estate it

is built upon the latter, as, for example, a conditional fee, or a contingent remainder. Even where a merger arises, so that the lesser estate is merged in the greater, it arises through the intervention of some other estate, which, by reason of its being a different or greater estate, swallows up the lesser. The very idea of a life estate presupposes a fee as existing elsewhere than in the tenant for life. The life tenant may be empowered to convey the fee, though it is not vested in him, thus devesting him who, but for the exercise of the power, would be the owner of the conditional or contingent fee.

3. Except by power of appointment so to do, one can convey no greater estate than he has. §3997 Burns 1908, §2961 R. S. 1881. An estate will be presumed to be a fee simple, unless it is expressed that the estate shall be a lesser one. §3960 Burns 1908, §2929 R. S. 1881.

Under the rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it covers the fee, and any limitation over is void, for repugnancy, there is no general power of disposition

4. of the fee for the use or benefit of the life tenant, nor is there any limitation over; but within the rule that where the testator, or grantor, gives to the first taker an estate for life only, by certain and express terms, and annexes to it a power of disposition, the devisee, or grantee, will not take an estate in fee, notwithstanding the naked gift of a power of disposition. *Mulvane* v. *Rude* (1896), 146 Ind. 476, and cases collected.

Here there is no question of the power of appointment to one of a class. In the absence of the exercise of the power, the deed conveyed a life estate to Mary Bowers, with remainder or conditional fee to David Bowers, if

5. living at her death, and if not then living, remainder or conditional fee to the heirs (probably here to be read "children"), but both these remainders or conditional fees were subject to be devested by the execution of a conveyance

by Mary Bowers. *Outland* v. *Bowen* (1888), 115 Ind. 150; *Roome* v. *Phillips* (1886), 24 N. Y. 463, 7 Am. St. 420.

Mary Bowers had no interest in the fee, but had, by the conveyance to her, a naked power of appointment, and had that appointment been made without pecuniary bene-

6. fit to herself, it would have been valid. The power is not an estate, and does not imply ownership or an estate, nor does it enlarge a life estate into a fee. *Wiley* v. *Gregory* (1893), 135 Ind. 647; *Dunning* v. *Vandusen* (1874), 47 Ind. 423, 17 Am. Rep. 709; *Burleigh* v. *Clough* (1872), 52 N. H. 267, 13 Am. Rep. 23; *Eaton* v. *Straw* (1846), 18 N. H. 320; *Sewall* v. *Wilmer* (1882), 132 Mass. 131; *Denson* v. *Mitchell* (1855), 26 Ala. 360; *Benesch* v. *Clark* (1878), 49 Md. 497; *Henderson* v. *Vaulx* (1836), 10 Yerg. *29; *Weir* v. *Smith* (1884), 62 Tex. 1; *Ward* v. *Amory* (1853), 1 Curt. 419; *Pepper's Will* (1850), 1 Pars. Eq. Cas. 436; 31 Cyc. 1089. The case does not fall within the rule in *Rinkenberger* v. *Meyer* (1900), 155 Ind. 152, and cases upon which that case is founded, for the reason that there is no general power of disposition of the property for the grantee's own benefit, or for the benefit of another, but there is only a naked power to convey the property to one of a designated class. The deed, as we conceive it to mean, and as it was intended to mean, would read: ''To Mary Bowers for life, remainder to David Bowers, if living at her death, remainder to his heirs if he be not then living [contingent remainders], provided that Mary Bowers shall have the power to deed to one of his heirs,'' in which event, there was a conditional fee in such heirs, contingent upon her exercising the power. *Doe* v. *Lanius* (1852), 3 Ind. 441, 56 Am. Dec. 518; *Shearman's Admr.* v. *Hicks* (1857), 14 Gratt. 96; *Romaine* v. *Hendrickson's Executors* (1873), 24 N. J. Eq. 231; *Hollman* v. *Tigges* (1886), 42 N. J. Eq. 127, 7 Atl. 347; *Dexter* v. *Sullivan* (1857), 34 N. H. 478. But it is a firmly established rule that the donee of a power cannot derive any pecuniary or private benefit, direct or indirect,

from the execution of the power, by some secret arrangement with the appointee, or otherwise. *Ferre* v. *American Board, etc.* (1880), 53 Vt. 162; *Holt* v. *Hogan* (1859), 5 Jones Eq. 82; *Bostick* v. *Winton* (1853), 1 Sneed *524; *Shank* v. *DeWitt* (1886), 44 Ohio St. 237, 6 N. E. 255; 31 Cyc. 1137.

There is evidence from which the court might conclude that the conveyance was made to appellant Elizabeth J. Beatson for a pecuniary consideration, or private
7. benefit, moving to Mary Bowers, in addition to the fact that a consideration of $1,600 is named in the deed. There is also evidence from which it might conclude that Mrs. Beatson did not know of the insertion in the deed of a consideration of $1,600; and other evidence tending to show a purchase by her. Appellants had several different theories, but upon any of them there is evidence tending to show that whatever the arrangement was, there was to be some pecuniary or private benefit to Mary Bowers. In this state of the record, with a general finding by the court, we are bound to assume that the court found that a pecuniary or private benefit accrued to Mary Bowers as a consideration for the deed, and that it was not made in execution of the power.

Complaint is made as to the admission and rejection of evidence. Testimony was received from parties in interest on each side of the cause, and if any one was incom-
8. petent the others were. We do not decide as to the question of the competency of this evidence, the objection being on the ground that they were parties in interest, and that the evidence was offered to aid the court in construing the deed. We do not so understand it, but understand that it was offered as tending to show that Mary Bowers received pecuniary or private benefit in violation of the power, and was in aid of the deed. If all this evidence were excluded, the deed would still be evidence of a consideration of $1,600, and the effect and result would be the

same. Eveidence was also offered by appellant Elizabeth J. Beatson, and excluded, but the court afterward recalled the witness, and gave her an opportunity to give all the testimony offered, so that no harm was done to her.

Appellants unsuccessfully sought to introduce the testimony of a witness. The cause was originally tried May 17, 1906. On July 12 the court on its own motion recalled Mrs. Beatson, and permitted her to testify as to matters that it had on the first offer excluded, and it was in this connection that the testimony of Mrs. Jarrett was offered. The court gave as a reason for the exclusion, "that the evidence in this case was closed on May 17, 1906, and the witness Elizabeth J. Beatson was only recalled, by request of the court, to testify as to certain matters wherein objections had all been sustained." There was no showing as to why the evidence was not offered on the trial, and we are not able to perceive that there was abuse of the discretion of the court. Besides, the evidence offered was cumulative.

Numerous claims are made as to the error of the court in rejecting the testimony of Mrs. Beatson, which was at first excluded, but she was recalled upon the court's own motion, and was given an opportunity to testify on all the questions, so that no error can be predicated on those grounds.

No error is made to appear, and the decree is affirmed.