Bryson v. Hicks—78 Ind. App. 111.

---

## BRYSON *v.* HICKS ET AL.

[No. 11,170.   Filed March 31, 1922.]

1. WILLS. —*Construction.*— *Devise of "Use" of Realty During Life with Right to Use for Support.*—A will giving to testator's widow the "use" of his real estate "to use and hold during her natural life * * * if needed for her support," gave her only a life estate.   p. 113.

2. WILLS.—*Construction.—Devise of Life Estate.—Subsequent Devise of Remainder.—Effect.*—Where one clause of a will gave to testator's widow a life estate in his real estate by a provision stipulating that she should have the "use" of all his real estate "to use and hold during her natural life * * * if needed for her support," the life estate thereby given was not enlarged to an estate in fee by a subsequent clause providing that after the death of the widow "if there remain any effects personal or real it shall be equally divided" among testator's children.   p. 114.

3. WILLS.—*Construction.—Bequests.—Cutting Down or Enlarging by Subsequent Clauses.*—An estate created by one clause of a will by clear and decisive terms cannot be cut down or enlarged by the words of a subsequent clause, where the words used therein are not as clear and decisive as the words of the clause creating the estate.   p. 114.

4. WILLS.—*Construction. — Bequest of Life Estate. — Implied Power to Convey Fee.*—A will giving the testator's wife the use of his real estate for life with the right to use it if needed for her support, and disposing of anything remaining after her death, gave her a life estate only, and gave her no implied power to convey the fee.   p. 114.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Adelia P. Hicks and another against Frank

E. Bryson.    From a judgment for plaintiffs, the defendant appeals.    *Affirmed.*

*Charles P. Drummond* and *Church & Chester,* for appellant.

*Eli F. Seebiert* and *Daniel D. Schurtz,* for appellees.

REMY, J.—George W. Bryson died testate in the month of February, 1895, the owner in fee simple of certain real estate, leaving as his only heirs at law his widow Elizabeth A. Bryson and the parties herein who are his children.   The will of George W. Bryson, omitting the formal and such other parts as are not necessary to a proper determination of the question involved in this appeal, is as follows:

"Sec. 1, Art. 1.   I will that all my lawful debts and funeral expenses be paid after my decease, out of my estate.   Sec. 2, Art. 1.   I give and bequeath to my beloved wife Elizabeth A. Bryson all my household goods.   Art. 2.· I will that she receive $500 in money after the claims in Art. 1 are met. Art. 3.   I will that she have the use of all my real estate of which I am seized at the time of my decease, to use and hold during her natural life.   Art. 4.   I will that she may use any or all of said real estate if needed for her support; furthermore, I will and devise as follows:   Sec. 3, Art. 1.   I will that if there be any personal effects remain after the claim mentioned in Sec. 1, and also in Sec. 2, Art. 2, that it shall be equally divided between my five children or their heirs, namely:   Frederic G., Frank E., William P., Arthur H., and Adelia I., wife of Oscar P. Hicks.   Sec. 3, Art. 2.   I will that after the death of my beloved wife, if there remain any effects personal or real, it shall be equally divided between the above named children or their heirs."

Soon after the death of the testator, the will was probated, and Elizabeth A. Bryson, the widow, elected to take under the will, and took possession of the real estate referred to in the testator's will, and remained

in possession thereof until June 10, 1917, when she conveyed the same to appellant. The death of Elizabeth A. Bryson having occurred on August 9, 1917, this suit was commenced by appellees against appellant for the partition of the said real estate. Appellant filed an answer in two paragraphs, and a cross-complaint. The first paragraph of answer was a denial; the second set up the will and the deed of conveyance of June 10, 1917, and concluded with a prayer to quiet title. Demurrers to the second paragraph of answer and the cross-complaint were sustained. Thereupon appellant withdrew his first paragraph of answer, refused to plead further, suffered judgment to be rendered against him, and now prosecutes this appeal.

The one question presented for our consideration is whether or not under the terms of the will, the widow had the power to convey and vest the absolute title of the fee of the real estate. If the will gave to the widow such power, then the judgment must be reversed, otherwise there must be an affirmance.

By article 3 of section 2 of his will, the testator gave to his widow "the use" of all of his real estate "to use and hold during her natural life * * * if needed for her support." Clearly these words gave to the widow no greater interest in the real estate than a life estate. *Brunson, Admr.,* v. *Martin, Exr.* (1899), 152 Ind. 111, 52 N. E. 599; *Goudie* v. *Johnston* (1887), 109 Ind. 427, 10 N. E. 296; *Schwartz* v. *Gehring* (1892), 4 Ohio Cir. Ct. 662; *Baxter* v. *Baxter* (1873), 62 Me. 540. As was said by the Supreme Court in *Brunson* v. *Martin, supra,* "The use of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy or have in some manner the benefit thereof."

In article 2 of section 4 of the will, the testator stip-

ulated that after the death of his wife "if there remain any effects personal or real it shall be equally di-

2. vided" among his children. It is contended by appellant that when this clause of the will is taken in connection with the provision specially referred to above, which, as we hold, gave to the widow the use of the real estate for and during her lifetime, the power of disposition is implied.

In the construction of wills, it is a settled rule that an estate created by one clause of the will, by clear and decisive terms, cannot be cut down or enlarged

3. by the words of a subsequent clause of the will, where the words of the subsequent clause are not as clear and decisive as the words of the clause creating the estate. *Koons* v. *Manifold* (1901), 27 Ind. App. 643, 651, 62 N. E. 116; *Goudie* v. *Johnston, supra; Bradly* v. *Westcott* (1807), 13 Vesey, Jr. 445; *Giles* v. *Little* (1881), 104 U. S. 291, 26 L. Ed. 745. It certainly cannot be said that the subsequent clause of the will

2, 4. under consideration, which provides for a division among the testator's children of "any effects, personal or real," that shall remain at the time of the death of the testator's widow, is as clear and definite as the provision which creates in the widow the life estate. It necessarily follows that the life estate in the widow created by articles 3 and 4 of section 1 of the will was not enlarged to an estate in fee by the subsequent clause. There could, of course, be no implied power to convey the fee which was not vested in the grantor for any purpose.

The case of *Skinner* v. *Spann, Exr.* (1911), 175 Ind. 672, 93 N. E. 1061, 95 N. E. 243, cited and relied upon by appellant, is not in point. In that case the power of alienation was not implied, but was specifically given by the terms of the will. Nor is the case of *Clark* v. *Middlesworth* (1882), 82 Ind. 240, controlling. While

in the Clark case the power of disposition was an implied power, there was no language in the will which excluded the implication that any such power existed, as in the case at bar, and in the case of *Goudie* v. *Johnston, supra.*

Affirmed.