BELTON ET AL *v.* MYERS ET AL.

[No. 12,614. Filed January 4, 1927. Rehearing denied April 28, 1927. Transfer denied February 3, 1928.]

*J. Fred Masters, Roscoe R. Foland* and *Roland Griffin*, for appellants.

*Roy Adney* and *Roberts & Roberts*, for appellees.

McMahan, C. J.—Complaint by Amanda F. Belton and Nancy J. Billings to construe the will of Marshall T. Billings. By the first item of his will, the testator provided for the payment of his debts and the erection of a monument for himself and his wife.

Item 2 is as follows: "After the payment of my just debts and expenses, as set out in Item 1 hereof, it is my will and I hereby devise and bequeath to my beloved wife, Nancy J. Billings, all the residue of my estate, both personal property and real estate, no matter where the same may be situated or located to have and to hold unto my said wife, for and during her natural life, she to have the right and privilege of enjoying all of my said property and in case of necessity to sell such property as may be necessary to provide means for her comfort, or to pay any bills or expenses in her behalf."

By Item 3, Ida M. Myers was given a life estate in all the real estate remaining after the death of Nancy J. Billings with remainder to the children of Mrs. Myers. In Item 4, he directed that, after the death of his wife, his executor should pay her just debts and funeral expenses. By Item 5, he gave appellant Amanda F. Belton $1,000. By Item 6, he gave the First Methodist Church of Sheridan two shares of stock in the First National Bank of Sheridan, to be held by the trustees of the church in trust for five years, paying the income to the church, and authorizing the trustees, at the end of the five years, to sell the stock and pay the proceeds

to the church. By Items 7 and 8, he made bequests of money aggregating $1,100. Item 9 provided: "After the payment of the various legacies and bequests set out in the various items in this my last will in the event there be any money or personal property remaining I hereby devise and bequeath such personal property to Porter Myers, Clarence Myers and Tom Thistlewaite, share and share alike." Item 10 names the executor, who is the husband of Ida M. Myers, and who by Item 7 was given $100 for his services as executor.

The will was executed January 2, 1923. The testator died January 24, 1923, aged seventy-three. He left no heirs other than his widow, Nancy J. Billings, who is a sister of Amanda F. Belton. The other persons named as legatees are nephews and nieces of the testator, or children of nephews and nieces. The real estate owned by the testator at the time of his death consisted of an eighty-acre farm and a house and lot in Sheridan. The whole of his estate, real and personal, was about $13,000. There is no evidence as to the value of any particular part of the property other than that the house and lot was worth about $2,800.

The court found the will should be construed as follows: "The entire estate of said testator, after the payment of his debts, funeral expenses and the erection of a monument and the expenses of settlement of said estate, shall be subject to the support and care of Nancy J. Billings during her life, if necessary, and that in no case shall any other bequest made in said will take precedence over the provisions thus made, for said Nancy J. Billings, and that none of the devisees or legatees under said will shall acquire any right or title thereunder until the death of the said Nancy J. Billings, and then only in the property then remaining, if any. That it is the duty of the executor to collect any money that may be due said estate, dispose of, under order of court,

any personal property that is not taken by the widow or not disposed of by said will, pay all the debts and liabilities of said estate, and after he has fully performed his duties as fixed by law, to report his doings to the court, and if more than a year has elapsed and said report is approved by the court the executor will be discharged; that Marshall T. Billings placed his personal property in trust to be administered during the lifetime of his wife Nancy J. Billings."

Appellants say that "where there is a gift to one for life, with full power of use and disposition, it amounts, as a matter of law, to an estate absolute in fee simple." If this contention should prevail and the rule stated applied to the will now under consideration, it would result in the whole of the estate going to the widow, and that none of the other legatees and devisees named in the will would get anything under the will. This construction would destroy the legacy of $1,000 to appellant Amanda F. Belton. A situation, she and her sister, the widow of the testator, would be willing to see happen, if, in so doing, the whole of the estate would vest absolutely and unconditionally in the widow. The will, however, does not give the widow an unqualified power of disposing of the property. She was to have and hold the property "for and during her natural life, she to have the right and privilege of enjoying all of my said property and in case of necessity to sell such of my property as may be necessary to provide means for her comfort, or to pay any bills or expenses in her behalf."

The right to sell depended not on her wish or whim. Such right, in the language of the testator, depended on an actual necessity that a sale should be made to provide means for the comfort of the widow. No children were ever born to the testator or to his widow. They both had collateral kindred. The testator clearly intended to provide for his widow by giving her the use

and benefit of the whole of his property so long as she should live and, having in mind the possibility that the income would not be sufficient "to provide means for her comfort," he provided that *such part of his property* as might be necessary to provide for her comfort might be sold.

We are of the opinion that the trial court correctly construed the will as giving the widow a life estate in the whole of the testator's estate, and being a tenant for life, answerable for waste, she to hold the same in trust for the other legatees and devisees named in the will. We presume the court, by the use of the expression that none of the devisees or legatees should "acquire any right or title" under the will until the death of the life tenant, meant they had no right or title which entitled them to possession or payment of their devise or legacy until the death of Mrs. Billings.

Judgment affirmed.