WIBLE ET AL. *v.* HUNT ET AL.

[No. 18,057.  Filed April 11, 1951.]

*Allen & Thompson,* of Salem, for appellants.

*William B. Boston,* of Corydon; *Noble Wible,* of Indianapolis; and *Tucker & Tucker,* of Paoli, for appellees.

BOWEN, P. J.—The appellees herein filed an action for the partition of one hundred and twenty acres of real estate. The appellees alleged that they were owners as tenants in common with the appellants of such real estate and asked a partition of the same. Issues were joined on appellants' answer in general denial to appellees' complaint, and appellant, Omar C. Wible, who is referred to as both Omar C. Wible and Clarence O. Wible in the exhibits and pleadings, filed his cross-complaint to quiet title in himself and title to the real estate was put in issue by the filing of an answer in denial to the cross-complaint.

The cause was submitted to the court for trial and the court made and filed special findings of facts and conclusions of law in which conclusions of law the court held that the appellees were the owners as tenants in common with the appellants of such real estate sought to be partitioned and that the appellant, Omar C. Wible, take nothing by his cross-complaint.

Errors assigned question the interpretation of the lower court of the powers and property rights created by the will of one Daniel M. Wible, deceased, who was the common ancestor of all the parties to this cause. By Item 2 of his will, the said Daniel M. Wible provided as follows:

"I give, devise and bequeath to my beloved wife, Nancy E. Wible, all the real estate and personal

property of every kind and description of which I shall die possessed, to have and to hold for her natural life, or for and during so much of the term of natural life of the said Nancy E. Wible, shall remain my widow and unmarried, with full power and authority to manage, control and superintend all of said property during said term of her estate therein, and with full power and authority to mortgage, sell, and convey any and all of said real estate and personal property, or so much thereof as shall be necessary to provide for her during the term of her natural life, or as long as she shall remain my widow and unmarried."

By Item 4 of his will, the said Daniel M. Wible provided that all of his property was to go to his children upon the death or remarriage of Nancy E. Wible. Daniel M. Wible died in October, 1937, and his will was duly probated. On December 28, 1940, Nancy E. Wible, Daniel Wible's widow, executed her last will and testament and in said will devised to the appellant, Clarence Omar Wible (Omar C. Wible) the real estate in controversy by the provisions of Item 2 of her will, which were as follows:

"Item II. I will, devise, and bequeath to my son, Clarence O. Wible, in fee simple, the real estate owned by me and described as follows, viz: (Here is a description of the same real estate set out in the Complaint and Answer) Upon the following conditions, viz: That he, the said Clarence O. Wible furnish to me during my lifetime such necessities as I may require and be unable to procure for myself, and that he shall pay the expenses of my last sickness and my funeral expenses. After the payment of the items hereinabove enumerated, he shall then pay whatever balance of the sum of $2,500.00 that may then remain, as follows: To my children Ada E. Hunt, Anna May Zimmerman, Mary Z. Bridgewater, Clarence O. Wible, and Horace E. Wible, each one-sixth, and to my grandson, Thurlow Zimmerman one-sixth of such balance of the said sum of $2,500.00."

The issues in this appeal raise the question whether Nancy E. Wible had the right to devise the real estate in controversy to Omar C. Wible by reason of the interest in such real estate devised to her by the will of her deceased husband, Daniel M. Wible, under the conditions and limitations expressed in the two wills. The appellants concede that the provisions of the will of Daniel M. Wible did not give Nancy E. Wible a fee simple title to the real estate in question. It is clear that Indiana courts follow the majority rule that where an estate for life, with remainder over, is given, with a power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant to dispose of the fee. 36 A. L. R., 1177-1239, and cases cited therein; *South* v. *South* (1883), 91 Ind. 221; *Downie* v. *Buennagel* (1884), 94 Ind. 228; *Wood* v. *Robertson* (1887), 113 Ind. 323, 15 N. E. 457; *Eubank* v. *Smiley* (1891), 130 Ind. 393, 29 N. E. 919; *Mulvane* v. *Rude* (1896), 146 Ind. 476, 45 N. E. 659; *Rusk* v. *Zuck* (1897), 147 Ind. 388, 45 N. E. 691, 46 N. E. 674; *Rickenberger* v. *Meyer* (1900), 155 Ind. 152, 56 N. E. 913; *Ewart* v. *Ewart* (1919), 70 Ind. App. 167, 123 N. E. 180; *Bryson* v. *Hicks* (1922), 78 Ind. App. 111, 134 N. E. 874; *Cross* v. *Hendry* (1906), 39 Ind. App. 246, 79 N. E. 531; *Foudray* v. *Foudray* (1909), 44 Ind. App. 444, 89 N. E. 499; *Hall* v. *Grand Lodge, I.O.O.F.* (1914), 55 Ind. App. 324, 193 N. E. 854.

However, the appellants contend that in the instant case, Nancy E. Wible took a life estate with a power of disposal coupled with an interest, which power was validly exercised by her will executed on the 28th day of December, 1940, which devised the real estate to Omar C. Wible, and thereby provided for her necessary

support during her lifetime as shown by the expressed conditions of her will, and by the evidence in appellants' offer to prove that such support was necessary and was provided by Omar C. Wible in accordance with the conditions expressed in her will.

This is a case of first impression in this state where it appears that the devisee with a life estate, coupled with a power of disposition for necessary support, has made an attempt to secure such necessary support by the execution of a will. The appellees assert that the case of *John* v. *Bradbury* (1884), 97 Ind. 263, is controlling here. However, in the *John* v. *Bradbury* case, it does not appear that the widow actually devised the real estate for her necessities or comfort as provided by the will of her husband.

The appellants argue persuasively in the light of the facts that the son, Omar C. Wible, did furnish needed support to his mother, Nancy E. Wible, during her lifetime, and that equity should come in and correct and complete the defective execution of powers granted in Daniel M. Wible's will to Nancy E. Wible.

However, such an interpretation of the powers granted by Daniel Wible's will is contrary to sound reason and authority. The pole star in the construction of interpretation of a will is the intention of the testator. Daniel M. Wible made provision for his widow's support during the term of her natural life, or as long as she remained his widow and unmarried. Such will also provided the methods whereby such support could be provided. He granted to her full power to mortgage, sell, and convey any and all of his real and personal property, or so much thereof as should be necessary to provide such support. In her lifetime she could have mortgaged or conveyed such property to her son, Omar C. Wible, who provided her with needed support.

The Indiana cases support the rule that powers of disposition granted to the holder of a life estate under a will must be strictly construed and exercised in the manner set forth in the first devise. *Brooker* v. *Deane* (1928), 88 Ind. App. 72, 163 N. E. 287; *Belton* v. *Myers* (1928), 87 Ind. App. 35, 154 N. E. 695.

There are numerous cases holding that in the case of a devise for life with full power to use and dispose of the property during the lifetime of the holder of the life estate, because such a devise does not create a fee simple title, such holder of the life estate with power of disposition cannot dispose of such property by will. *Ford* v. *Ticknor* (1897), 169 Mass. 276, 47 N. E. 877; *Kemp* v. *Kemp* (1916), 223 Mass. 32, 111 N. E. 673; *Russell* v. *Eubanks* (1884), 84 Mo. 82.

Nancy E. Wible having failed to exercise the powers granted by the will of Daniel M. Wible in the manner provided by the will during her lifetime could not exercise the power of disposition by her will. While appellants make a strong case in equity, except for the laches and failure of Nancy E. Wible to exercise the powers given her by Daniel M. Wible's will in the manner provided by such will, if she did not possess the fee simple title, and if the will of Daniel M. Wible did not provide for such power of disposition by will in accordance with the rule set out herein, she did not die seized of any interest in such real estate which would pass by her will.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 2d 235.