MCCANN *v.* MERCHANTS NATIONAL BANK & TRUST COMPANY
OF INDIANAPOLIS, EXECUTOR.

[No. 20,609. Filed July 6, 1967. No Petition for Rehearing Filed.]

*Raymond W. Hilgedag* and *James M. Secrest* and *Hilgedag & Johnson,* of counsel, all of Indianapolis, for appellant.

*John G. Rauch* and *John G. Rauch, Jr.,* and *Rauch, Chase & Kitchen,* of counsel, all of Indianapolis, for appellee.

PFAFF, C. J.—This action was commenced in the Probate Court of Marion County by appellant, Carl McCann, by a petition to construe the Last Will and Testament of Anne Darby McCann, deceased.

The facts surrounding the issues in this appeal can best be understood by setting forth the pertinent part of the "Order on Petition to Construe Will," which reads as follows:

"1. The bequest and devise to Carl McCann pursuant to the provisions of the Last Will and Testament of Anne Darby McCann, deceased, be and it is hereby determined to be an amount equal in value to one-third ($\frac{1}{3}$) of the sum total of the values of the real and personal property of said decedent reduced by the aggregate amount of the claims against said estate, the debts of said decedent, the funeral expenses and cost of tombstone of said decedent, the expenses of administration of this estate, and all in-

heritance and estate taxes due and payable as a result of her death, this estate and the bequests and devises provided by said Will.

"2. The Executor, Merchants National Bank & Trust Company of Indianapolis, be and it is hereby directed to pay all inheritance and estate taxes and other death duties whatsoever out of the residue of said estate, and it is further hereby directed to compute and pay to Carl McCann the amount in value determined by means of the computation hereinabove ordered, and to report its conformance with this order in its final accounting to be hereinafter filed herein."

Appellant, Carl McCann, alleged that the effect of this order was to shift from the residuary estate to his estate approximately one-half (½) of the total estate and inheritance taxes levied against the estate of Anne Darby McCann, his wife.

The sole issue raised by the appellant arises from an alleged conflict between two articles contained in the decedent's last will and testament.

The two articles which give rise to said conflict are as follows:

## "ARTICLE II

"Section 2. I direct my Executor, as part of estate, and as debts owed by me, to pay all excise taxes, estate taxes, inheritance taxes, transfer taxes, death duties and all other similar taxes and governmental assessments which may be levied or assessed by the United States or any of the several States of the United States, or any political subdivision thereof, against my estate or any distributive share, portion or interest therein, so that any contractual or other interest and each of the *several devises herein made shall be received and all bequests and legacies shall be paid or delivered by my Executor without any deduction for such taxes, with the exception of the residue of my estate, out of which all such taxes shall be paid.* (Emphasis supplied)

\* \* \* \* \*

## "ARTICLE III

I give, devise and bequeath to my husband, CARL McCANN, if he shall survive me, one-third (⅓) in value

of my *net estate* as that term shall be defined in the Probate Code of the State of Indiana at the time of my death." (Emphasis supplied)

As clearly stated in Article II, Section 2 of decedent's will, each of the bequests as set forth therein shall be received without any deduction for taxes, with the exception of the residue of the estate, out of which all such taxes shall be paid.

Article III bequeaths to the appellant, Carl McCann, one-third (⅓) of the net estate as defined in the Probate Code of the State of Indiana.

The Probate Code as stated in Burns' Indiana Statutes Annotated, § 6-103 (1953 Replacement), provides in part:

"Net estate refers to the real and personal property of a decedent exclusive of homestead rights, the widow's and family allowance, and enforceable *claims* against the estate." (Our emphasis)

We are of the opinion that the word causing the alleged conflict is "claims." If the term "claims" as used in the definition of "net estate" includes estate and inheritance taxes, then a conflict between Article II, Section 2 and Article III will result. Article II, Section 2, states that all bequests are to be made without a deduction for taxes, while inherent in the definition of net estate if claims include estate and inheritance taxes, is the requirement that the said taxes be paid before the net estate can be calculated. However, no controversy results if claims do not include estate and inheritance taxes.

The cardinal rule in the construction of a will is to ascertain and give effect to the intention of the testator or testatrix, if said intention is not contrary to law. 29 I.L.E., *Wills*, § 173, ch. 6, p. 321; *Ross et al.* v. *Clore et al.* (1947), 225 Ind. 597, 76 N. E. 2d 839; *Wible et al.* v. *Hunt et al.* (1951), 121 Ind. App. 130, 98 N. E. 2d 235; *Hamilton* v. *Williams et al.* (1941), 111 Ind. App. 148, 37

N. E. 2d 695; *Wise et al.* v. *Wise et al.* (1941), 109 Ind. App. 207, 34 N. E. 2d 143.

The testatrix, in the case at bar, clearly expressed her intention under Article II, Section 2, to make all bequests without a deduction for taxes, and then have all of the estate and inheritance taxes paid out of the residue of her estate. The testatrix raised an uncertainty, however, when she incorporated the definition of "net estate" from the Probate Code of Indiana, Burns' Indiana Statutes, § 6-103, *supra,* and then failed to express her intention as to what she intended "claims" to include.

It is the opinion of this Court that Article II, Section 2, clearly expresses the intention of the testatrix to have all of the bequests made without any deduction for taxes, including the bequests to the appellant of one-third ($\frac{1}{3}$) of the decedent's net estate.

The decision of the lower court is reversed and this cause remanded for proceedings not inconsistent with this opinion.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 697.